**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| CHRIMAR SYSTEMS, INC., *ET AL.*,<br><br>                    Plaintiffs,<br><br>v.<br><br>ALCATEL-LUCENT USA INC., *ET AL.*,<br><br>                    Defendants. | 6:15-CV-00163-JDL<br><br>LEAD CASE<br><br><br>6:15-cv-00164-JDL<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' OPPOSED MOTION FOR ENTRY OF PRIOR ORDERS
ON CLAIM CONSTRUCTION AND RELATED RECORD**

To avoid repetitive briefing and the needless waste of judicial resources on issues previously considered, Defendants Alcatel-Lucent USA, Inc., Alcatel-Lucent Holdings, Inc., ALE USA Inc., and AMX, LLC (collectively "Defendants"), hereby respectfully request that the Court enter an order adopting its prior rulings on claim constructions and indefiniteness for U.S. Patent No. 8,155,012, identified below in Table 1 (the "Prior Constructions")[1], and incorporating by reference into the record of the instant cases the items identified below in Table 2 (the "Prior Record").

As detailed below, the parties previously agreed to conserve judicial resources by not re-litigating claim constructions disputes previously considered by the Court in the predecessor cases between the parties (*Chrimar Systems, Inc., et al. v. Alcatel-Lucent, Inc., et al.*, E.D. Texas Case No. 6:13-cv-880 and *Chrimar Systems, Inc., et al. v. AMX, LLC*, E.D. Texas Case No. 6:13-cv-881, collectively "*Chrimar I*") and to preserve any associated rights to appeal, leaving any

---

[1] The Prior Constructions in Table 1 are copied from the Court's prior Orders on claim construction and indefiniteness.  *See* Case No. 6:13-cv-880 at Dkt. Nos. 92, 99, and 102 (attached as Exs. 1-3).

filings with the Court on this agreement for a later date.  Ultimately, however, Plaintiffs refused to agree that all rights related to the Court's prior decisions on claim constructions and indefiniteness were preserved for appeal; particularly with respect to whether the Prior Record on these issues should be entered into the present cases for the purposes of appeal.  While the parties appear to agree that the Court's prior decisions on claim construction and indefiniteness for the '012 patent are controlling in the instant cases, the Prior Record on these issues should also be incorporated, so that all rights are preserved and the parties are placed on equal footing for the purposes of appeal.[2]

**FACTUAL BACKGROUND:**

On November 9, 2015, the parties participated in a  meet-and-confer teleconference seeking to limit the claim terms for construction.  During this conversation, David Bluestone, counsel for AMX, addressed the Court's prior constructions in *Chrimar I* with Chrimar's counsel, Justin Cohen.  In particular, Mr. Bluestone asked Mr. Cohen whether Chrimar would agree to abide by the *Chrimar I* claim construction decisions and proposed that the parties ensure a mechanism to preserve all rights to appeal, should either party deem an appeal necessary.  Ex. 4, Bluestone Decl. ¶ 3.  Neither side expressed any interest in requesting that the Court allow the parties to re-brief and re-argue the same claim terms previously construed. Ex. 4, Bluestone Decl. ¶ 4.  Mr. Cohen stated that he did not see any problem with the proposal, and that the parties could address the issue further at later date.  Ex. 4, Bluestone Decl. ¶ 4.

On November 13, 2015, counsel for AMX sent a letter confirming the conversation, stating "the parties agreed that Judge Love's constructions from *Chrimar I* would apply to this

---

[2] The relief sought by Defendants is not unusual, as other litigants have successfully reached agreement on the exact same issue.  *See* Ex. 5, Joint Submission Re Claim Construction Record in Prior Actions.  Unfortunately, Chrimar has refused to agree to a nearly identical stipulation in this case, thus necessitating judicial resolution of this disputed issue.

matter and that rights for appeal on those determinations should not be waived. We are investigating the appropriate mechanism for ensuring that those determinations are properly part of the record here. We welcome your input on the best manner of addressing this with the Court."  Ex. 6.  Chrimar never responded to the letter, or otherwise indicated it to be inaccurate or objectionable.

On November 20, 2015, counsel for Defendants served their P.R. 4-2 Disclosures, noting their understanding about the parties' agreement.  Specifically, the P.R. 4-2 Disclosures noted:

> The parties appear to be in agreement that each would like to preserve its right to appeal any of the prior construed terms without burdening the Court with requests in these cases to construe terms the Court has already considered.  Defendants therefore propose that the parties jointly submit an agreed motion to the Court requesting an order that incorporates by reference into the record the prior briefings and order on claim construction for the '012 patent.  Defendants reserve all rights to appeal the constructions of the prior-construed terms.

*See* Ex. 7, Defendants P.R. 4-2 Disclosures at 2.  Chrimar never contested or otherwise objected to this statement as being inaccurate.

Defendants first became aware of a disagreement between the parties regarding incorporating by reference the Prior Record on December 17, 2015, while the parties were preparing their P.R. 4-3 Joint Claim Construction and Prehearing Statement  (Dkt. No. 81).  Ex. 4, Bluestone Decl. ¶ 5.  Chrimar's counsel edited the draft cover pleading prepared by Defendants deleting a statement that the parties intended to incorporate the prior *Chrimar I* filings and Court Orders.  Mr. Bluestone inquired into the deletion, stating, "I'm confused about the last sentence change.   Justin and I agreed that the prior rulings would be applicable here and preserved for the purposes of appeal."  Ex. 8, Bluestone 12/17/2015 6:35 pm email.   Mr. Cohen responded, "While we have discussed this issue, we never reached any agreement on how to handle the *Chrimar I* claim constructions. Nor did we ever discuss this new proposal of incorporating the prior briefing. Notably, Defendants did not identify any of the *Chrimar I* claim

terms for construction and some don't appear to be relevant to this case.  Thus, like I said during our calls, we can probably reach an agreement, but have not done so as of yet."  Ex. 8, Cohen 12/17/2015 6:40 pm email.  Prior to this time, Chrimar never challenged Defendants' repeated statements that they understood an agreement to have been reached.  Ex. 4, Bluestone Decl. ¶ 6.

Notwithstanding an apparent disagreement over a mechanism to preserve the *Chrimar I* claim construction record for appeal, Plaintiffs continued to represent their willingness to work with Defendants to reach an acceptable agreement.  *Id.*  The parties, however, were unable to reach an agreement as to a proper mechanism, and Plaintiffs informed the Defendants on January 19, 2016, that no agreement could be reached.  *See* Ex. 9 1/19/2016 11:31 am email (Plaintiffs' attorney Rich Wynne stating Plaintiffs agreed to preserving issues related to the prior constructions for appeal but refusing to agree to incorporation by reference of the underlying record).

## PRIOR CLAIM CONSTRUCTIONS FOR ADOPTION:

This Court previously construed and made certain findings on indefiniteness for certain terms of U.S. Patent No. 8,155,012 ("the '012 Patent") in *Chrimar I.*"  The '012 Patent is one of the patents asserted in the above-referenced actions.  Therefore, the Defendants request that the following Prior Constructions be adopted by the Court from *Chrimar I* for terms of the '012 Patent that are included in claims asserted in the instant cases:[3]

**Table 1 – Prior Constructions:**

| Term | Construction |
|---|---|
| "distinguishing information about the piece of Ethernet terminal equipment" (claim 31) | "information to distinguish the piece of Ethernet data terminal equipment from at least one other piece of Ethernet data terminal |

---

[3] The parties appear to agree that the Court's decisions on claim construction and indefiniteness for the '012 patent are controlling and should be adopted.  *See* Exs. 8 & 9 (emails between the parties agreeing to request that the Court adopt its rulings on the previously construed terms and preserve rights to appeal).

| | equipment" |
|---|---|
| "impedance"<br>(Claims 31, 35) | "opposition to the flow of current." |
| "Ethernet data terminal equipment"<br>(Claims 31, 35, 43) | "device at which data transmission can originate or terminate and that is capable of Ethernet communication" |
| "an adapted piece of Ethernet data terminal equipment"<br>(Claim 31) | This preamble is limiting and has its plain and ordinary meaning. |
| "wherein distinguishing information about the piece of Ethernet data terminal equipment is associated to impedance within the at least one path"<br>(Claim 31) | Not Indefinite.<br><br>This term has its plain and ordinary meaning. |

The parties previously agreed to adopt these Prior Constructions without waiving any arguments, objections, or defenses.  The parties also agreed that they would not seek reconsideration of these constructions in the district court but that the constructions may be challenged on appeal.

**INCORPORATION OF THE PRIOR RECORD:**

Defendants request that the Court incorporate by reference each of the items from the Prior Record shown in Table 2 below.  Incorporating the Prior Record in conjunction with adopting the Prior Constructions is necessary in order to preserve both parties' rights for the purposes of appeal.

Plaintiffs now claim no agreement can be reached and that Defendants have waived their right to pursue the requested incorporation by reference because the previously construed terms were not identified by Defendants in their P.R. 4-1 Disclosures.  Plaintiffs' reasoning is erroneous for at least two reasons.  First, Defendants stated in their P.R. 4-1 Disclosures that they intended to rely on the Court's prior constructions of these terms without having to re-litigate

them and, therefore, did not specifically list each previously construed term.[4]   In other words, these terms did not need to be further construed by the Court in the present action.   Second, pursuant to P.R. 4-1(b) the parties conferred, and agreed not to re-litigate the Court's prior constructions provided that all rights to appeal are preserved.   *See* Exs. 7 & 8.

Plainly, the correspondence and claim construction disclosures show that Defendants believed there was, at a minimum, an agreement in principle to incorporate the underlying claim construction record from the date the P.R. 4-2 Disclosures were exchanged (November 20, 2015) until at least December 17, 2015 (the filing date of the P.R. 4-3 Joint Claim Construction and Prehearing Statement).[5]   Plaintiffs' new apparent contention is that Defendants have somehow waived arguments or rights related to the Court's prior claim constructions, which is surprising considering that Plaintiffs continued until very recently (January 19, 2016) to confirm that they believed the parties could reach an agreement.   *See* Ex. 9.

Despite repeated attempts to reach agreement, it is now clear that the parties are at an impasse and that judicial resolution of this issue is required.   Defendants believe that adoption of the underlying record is required in order to properly preserve the parties' right to appeal.   In fact, Rule 10 of the Federal Rules of Appellate Procedure requires that the composition of the record on appeal include: (1) the *original papers and exhibits filed in the district court*; 2) the *transcript of proceedings*, if any; and (3) a certified copy of the docket entries prepared by the district clerk.   *See* Fed. R. App. P. 10 (emphasis added).

---

[4] *See* Ex. 10, Defendants P.R. 4-1 Disclosures at 2 stating that "[c]ertain terms of the '012 patent have been previously construed by the Court" and that "Defendants may rely on the Court's constructions and analysis with respect to those terms."

[5] Note:  Plaintiffs first objected to the incorporation of the Prior Record on or near the filing of the parties' P.R. 4-3 Statement, but, at the same time, Plaintiffs also maintained that they believed the parties could reach some agreement to preserve the prior record related to claim construction for appeal.  *See* Ex. 8.

**Table 2 – Prior Record:**

| Prior Litigation Record[6] | | | |
|---|---|---|---|
| **880 Case Docket No.** | **881 Case Docket No.** | **Title** | **Entry Date** |
| 71 | 73 | Defendants' Combined Motion for Summary Judgment and Claim Construction with Exhibits | July 28, 2014 |
| 73 | 74 | Joint Claim Construction and Pre-Hearing Statement Pursuant to P.R. 4-3 | August 11, 2014 |
| 74 | 75 | Plaintiffs Chrimar Systems, Inc. d/b/a CMS Technologies and Chrimar Holding Company LLC's Response to Defendants' Combined Motion for Summary Judgment and Claim Construction Brief with Exhibits | August 11, 2014 |
| 76 | 77 | Defendants' Reply in Support of Their Combined Motion for Summary Judgment and Claim Construction | August 18, 2014 |
| 78 | 81 | Minutes for Markman and Motion Hearing | September 3, 2014 |
| 79 | 82 | Defendant AMX, LLC's Notice of Compliance with Court's Motion Practice Order with Exhibit | September 5, 2014 |
| 82 | | Plaintiffs' Response to Notice of Compliance – Letter Brief re Dkt. No. 79 | September 19, 2014 |
| 83 | 86 | Plaintiffs' Opening Brief on Claim Construction with Exhibits | September 22, 2014 |
| 84 | 87 | Defendants' Reply to Notice of Compliance with Court's Motion Practice Order and Exhibit | September 25, 2014 |
| 85 | 89 | Order Granting Defendants' Letter Brief for Leave to File a Motion for Summary Judgment on Indefiniteness | September 25, 2014 |

---

[6] Prior litigations involving the '012 patent:  *Chrimar Systems, Inc., et al. v. Alcatel-Lucent, Inc., et al.*, E.D. Texas Case No. 6:13-cv-880; and *Chrimar Systems, Inc., et al. v. AMX, LLC*, E.D. Texas Case No. 6:13-cv-881.

| Prior Litigation Record[6] | | | |
|---|---|---|---|
| **880 Case Docket No.** | **881 Case Docket No.** | **Title** | **Entry Date** |
| 87 | 90 | Defendants' Motion for Summary Judgment of Invalidity Due to Indefiniteness with Exhibits | October 6, 2014 |
| 88 | 91 | Defendants' Responsive Claim Construction Brief | October 6, 2014 |
| 90 | 94 | Plaintiffs Chrimar Systems, Inc. d/b/a CMS Technologies and Chrimar Holding Company LLC's Opposition to Defendants' Motion for Summary Judgment of Invalidity Due to Indefiniteness with Exhibits | October 20, 2014 |
| 91 | 95 | Plaintiffs' Reply Brief on Claim Construction with Exhibits | October 20, 2014 |
| 92 | 96 | Memorandum Opinion and Order for Combined Motions for Summary Judgment and Claim Construction | October 22, 2014 |
| 93 | 97 | Joint Claim Construction Chart Pursuant To P.R. 4-5(d) with Exhibit | October 23, 2014 |
| 94 | 98 | Defendants' Reply in Support of Their Motion For Summary Judgment of Invalidity Due to Indefiniteness (Filed Under Seal) | October 23, 2014 |
| 95 | 99 | Minutes for Markman and Motions Hearing | October 30, 2014 |
| | 100 | Minutes for Markman and Motions Hearing | October 30, 2014 |
| N/A | N/A | Markman Hearing Transcript | October 30, 2014 |
| N/A | N/A | Plaintiffs' Markman Hearing Presentation | October 30, 2014 |
| N/A | N/A | Defendants' Markman Hearing Presentation | October 30, 2015 |
| 99 | 105 | Claim Construction Memorandum Opinion and Order | January 8, 2015 |

| Prior Litigation Record[6] | | | |
|---|---|---|---|
| **880 Case Docket No.** | **881 Case Docket No.** | **Title** | **Entry Date** |
| 102 | 108 | Motion for Summary Judgment of Indefiniteness Memorandum Opinion and Order | January 16, 2015 |

Therefore, for the foregoing reasons, Defendants respectfully request that the Court issue an order adopting the Prior Constructions identified in Table 1 and incorporating by reference the Prior Record as shown in Table 2.

Date: January 26, 2016

Respectfully submitted,

*/s/ Danny L. Williams*
Danny L. Williams—LEAD ATTORNEY
State Bar No. 21518050
Email: danny@wmalaw.com
Chris N. Cravey
State Bar No. 24034398
Email: cravey@wmalaw.com
Matthew R. Rodgers
State Bar No. 24041802
Email: mrodgers@wmalaw.com
David K. Wooten
State Bar No. 24033477
Email: dwooten@wmalaw.com
Leisa Talbert Peschel
State Bar No. 24060414
Email: lpeschel@wmalaw.com
**WILLIAMS MORGAN, P.C.**
710 North Post Oak Road, Suite 350
Houston, Texas 77024
Telephone: (713) 934-7000
Facsimile: (713) 934-7011

*Attorneys for Defendants-Counterclaimants*
*Alcatel-Lucent USA Inc., Alcatel-Lucent*
*Holdings, Inc., & ALE USA INC.*

Michael E. Jones
State Bar No. 10929400
Email: mikejones@potterminton.com
**POTTER MINTON, P.C.**
110 North College, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

*Attorneys for Defendants-Counterclaimants
Alcatel-Lucent USA Inc. & Alcatel-Lucent
Holdings, Inc.*

Date: January 26, 2016                     Respectfully submitted,


/s/ *Brent A. Hawkins*
Brent A. Hawkins
David H. Bluestone
**McDERMOTT WILL & EMERY LLP**
227 West Monroe Street
Chicago, IL 60606-5096
Telephone:  (312) 372-2000
Facsimile:  (312) 984-7700
Email:  bhawkins@mwe.com
Email:  dbluestone@mwe.com

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen Gardner
State Bar No. 24043679
allengardner@potterminton.com
**POTTER MINTON, P.C.**
110 North College, Suite 500
Tyler, Texas 75702
Telephone:  (903) 597-8311
Facsimile:  (903) 593-0846

*Attorneys for Defendant
AMX*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies: (1) that counsel has complied with the meet and confer requirement in Local Rule CV-7(h) by conferring with opposing counsel on January 14, 2016 during a telephone call between Mr. Wynne and Mr. Cohen, representing Plaintiffs, Mr. Wooten representing Defendants Alcatel-Lucent USA, Inc. and Alcatel-Lucent Holdings, Inc. and ALE USA Inc., as well as Mr. Bluestone representing Defendant AMX, LLC, regarding the relief sought by this motion; (2) that counsel for Defendants and counsel for Plaintiffs further conferred on the requested relief in a series of emails on January 19, 2015; and (3) that the motion is opposed. No agreement could be reached because the parties disagree on whether incorporation of the Prior Record is necessary. The parties' discussions have conclusively ended at an impasse, leaving an open issue for the Court to resolve.

*/s/David H. Bluestone*
David H. Bluestone

## CERTIFICATE OF SERVICE

I hereby certify that the all counsel of record who are deemed to have consented to electronic service are being served on January 26, 2016 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

*/s/ Donna E. Ward*
Litigation Paralegal