**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| CHRIMAR SYSTEMS, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> ALCATEL-LUCENT S.A., ET AL., <br><br> Defendants. | 6:15-CV-00163-JDL <br> LEAD CASE <br><br> Patent Case <br><br> **Jury Trial Demanded** |
| v. AMX, LLC. | 6:15-CV-00164-JDL (consolidated case) |

**AMENDED DOCKET CONTROL ORDER**

It is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

Amendments to this Docket Control Order must comply with the Court's Standing Order Regarding Motions to Modify / Amend Docket Control Orders that is available on the Court's website.

**DO NOT KEY DEADLINES OFF THE FULL CLAIM CONSTRUCTION ORDER OR THE PROVISIONAL CLAIM CONSTRUCTION ORDER.**

| | |
|---|---|
| **October 3, 2016** <br><br> **To be assigned by the Court** <br><br> Court designated date – not flexible without good cause - Motion Required | **9:00 a.m. JURY TRIAL as reached at the United States District Court, 211 W. Ferguson, 2nd Floor, Courtroom of Judge John D. Love, Tyler, Texas.** |

1

**ORDER REGARDING EXHIBITS, EXHIBIT LISTS AND WITNESS LISTS:**

A. <u>On the first day of trial</u>, each party is required to have on hand the following:

    (1) One copy of their respective original exhibits. Each exhibit shall be properly labeled with the following information: Identified as either Plaintiff's or Defendant's Exhibit, the Exhibit Number and the Case Number. In addition, exhibits shall be placed in properly marked manila folders and contained in a box with handles.

    (2) Three (3) hard copies of their exhibit list and witness list. The Court's preferred format for Exhibit Lists is available on the Court's website at www.txed.uscourts.gov under "Orders & Forms."

B. During trial on a daily basis, each party shall tender to the Court a list of exhibits admitted for each day. A description of the exhibits is not necessary, just a list containing the exhibit numbers. For example, Plaintiff will submit a document entitled, "Plaintiff's List of Exhibits Admitted on (*the date*)." Said daily lists are to be tendered the following day. (If trial commences on Monday, Monday's list will be due Tuesday morning and so on until the conclusion of trial).

C. At the conclusion of the evidentiary phase of trial, each party shall be responsible for pulling those exhibits admitted at trial and tender those to the Courtroom Deputy, who will verify the exhibits and tender them to the jury for their deliberations.

D. At the conclusion of trial, all boxes of exhibits shall be returned to the respective parties and the parties are instructed to remove these exhibits from the courtroom.

E. Within five business days of the conclusion of trial, each party shall submit to the Court (to Chambers) the following:

    (1) A Final Exhibit List of Exhibits Admitted During Trial, and in addition provide the Court a disk containing this document in Word format.

    (2) A disk or disks containing their respective admitted trial exhibits in PDF format, with the exception of sealed exhibits. If the Court ordered any exhibits sealed during trial, the Sealed Exhibits shall be copied on a separate disk. If tangible or over-sized exhibits were admitted, such exhibits shall be substituted with a photograph to be converted to a PDF file and shall be included in the Court's disk of admitted exhibits.

    (3) A disk or disks containing the transcripts of Video Depositions played during trial, along with a copy of the actual video deposition.

F. After verification of final exhibit lists, the Courtroom Deputy shall file and docket the lists, and the disk or disks containing the exhibits in PDF format shall be stored in the Clerk's Office.

| | |
|---|---|
| **October 3, 2016**<br><br>Court designated date – not flexible without good cause - Motion Required | 9:00 a.m. JURY SELECTION at the United States District Court, 211 W. Ferguson, 2nd Floor, Courtroom of Judge John D. Love, Tyler, Texas. |
| **September 13, 2016** | 9:00 a.m. PRETRIAL CONFERENCE at the United States District Court, 211 W. Ferguson, 2nd Floor, Courtroom of Judge John D. Love, Tyler, Texas.<br>All pending motions will be heard.<br>Lead trial counsel must attend the pretrial conference. |
| September 2, 2016 | Parties to file estimates of the amount of time they request at jury selection and trial for (1) voir dire, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments. |
| August 29, 2016 | **Responses to Motions in Limine due**. |
| August 26, 2016 | **Motions in Limine due**.  The parties are directed to confer and advise the Court on or before 3:00 p.m. the day before the pre-trial conference which paragraphs are agreed to and those that need to be addressed at the pre-trial conference. |
| August 26, 2016 | **Pretrial Objections due**. |
| August 16, 2016 | **Objections to Rebuttal Deposition Testimony due**. |
| August 11, 2016 | **Serve Objections to Pretrial Disclosures**; and Serve Rebuttal Pretrial Disclosures<br>For rebuttal designations, cross examination line and page numbers to be included.<br><br>In video depositions, each party is responsible for preparation of the final edited video in accordance with their parties' designations and the Court's rulings on objections. |
| August 1, 2016 | **Serve Pretrial Disclosures** (Witness Lists, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof<br>Video and Stenographic Deposition Designation due.  Each party who proposes to offer deposition testimony shall file a disclosure identifying the line and page numbers to be offered. |

3

| | |
|---|---|
| July 12, 2016 | **Joint Pretrial Order, Joint Proposed Jury Instructions with citation to authority and Form of the Verdict for jury trials due**. Proposed Findings of Fact and Conclusions of Law with citation to authority for issues tried to the bench. Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings due. If a daily transcript or real time reporting of court proceedings is requested for trial or hearings, the party or parties making said request shall file a notice with the Court. |
| August 3, 2016 | **Reply to Dispositive Motions (including *Daubert* Motions) due.** |
| July 20, 2016 | **Response to Dispositive Motions (including *Daubert* motions) due.** Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* motions, shall be due in accordance with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances</u>. |
| July 1, 2016 | **Second mediation to be completed.** |
| June 27, 2016 | **Dispositive Motions due from all parties and any other motions that may require a hearing (including *Daubert* motions) due.** Motions shall comply with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> For each motion filed, the moving party shall provide the Court with two (2) copies of the completed briefing (opening motion, response, reply, and if applicable, surreply), and any associated exhibits, in a three-ring binder appropriately tabbed. Courtesy copies shall be delivered to the Court as soon as briefing has completed. |
| June 10, 2016 | **Expert Discovery Deadline.** |
| May 27, 2016 | Parties designate rebuttal expert witnesses (non-construction issues), **Rebuttal expert witness reports due**. Refer to Local Rules for required information. If, without agreement, a party serves a supplemental expert report after the rebuttal expert report deadline has passed, the serving party must file notice with the Court stating service has occurred and the reason why a supplemental report is necessary under the circumstances. |
| May 9, 2016 | **Deadline to File Letter Briefs for Summary Judgment Motions and *Daubert* Motions.** See the Court's website for further information. |
| May 2, 2016 | **Expert witness reports due**. Parties with burden of proof designate expert witnesses (non-construction issues). Refer to Local Rules for required information. |
| April 25, 2016 | **Fact Discovery Deadline**. |

4

| | |
|---|---|
| April 18, 2016 | Defendant shall serve **Final Election of Asserted of Prior Art** in compliance with Phased Limits Order. |
| April 19, 2016 | **Early Damages Expert hearing at 9:00 a.m. at the United States District Court, 211 West Ferguson, 2nd Floor, Courtroom of Judge John D. Love, Tyler, Texas.** <br><br> The Court will hear each Damages Expert give a short summary of their conclusions. Each party will then have the opportunity for brief cross-examination. |
| March 31, 2016 | Comply with P.R. 3-7 - Furnishing documents and privilege logs pertaining to willful infringement. <br><br> Exchange **Early Damages Expert Report** consisting of no more than 5 pages setting forth damages conclusions and bases for the conclusions. The parties shall not file these early reports, but shall copy the court directly to chambers. |
| March 30, 2016 | Patent Claimant shall serve **Final Election of Asserted Claims** in compliance with Phased Limits Order. |
| March 10, 2016 | ***Markman* hearing and hearing on any Motion for Summary Judgment of Indefiniteness at 9:00 a.m. at the United States District Court, 211 West Ferguson, 2nd Floor, Courtroom of Judge John D. Love, Tyler, Texas.** <br><br> In order to streamline the *Markman* hearing, the Court will propose a construction for a particular claim term and each party will then have the opportunity to respond to the Court's proposed construction. The Court will take the parties' arguments under advisement and issue a claim construction opinion at a later date. <br><br> The Court will not permit live testimony regarding claim construction absent an order granting leave to call witnesses. |

| | |
|---|---|
| February 25, 2016 | **P.R. 4-5(d) Chart due**. The parties are to meet and confer and jointly submit a claim construction chart on computer disk in Word format listing each party's proposed construction for each of the terms to be addressed at the *Markman* hearing, including any terms purported to be indefinite.  The parties should prioritize and list the terms in order of most importance; the Court will address the terms in the prioritized order presented in the claim construction chart.<br><br>**Reply to Motion for Summary Judgment of Indefiniteness due.** The moving party is to provide the Court with 2 binders containing the entire set of briefing (opening motion, response, reply and surreply, if any) and exhibits appropriately tabbed.  If a technical advisor has been appointed, the moving party is to provide briefing on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e).  Pages shall be counted against the party's total page limit.  *See* Local Rules CV-7(a)(3).  Motions to extend page limits will only be granted in exceptional circumstances. |
| February 25, 2016 | Parties to file a notice with the Court stating the estimated amount of time requested for the *Markman* Hearing.  The Court will notify the parties if it is unable to accommodate this request.<br><br>**Comply with P.R. 4-5(c)** - Reply brief and supporting evidence regarding claim construction due.  Plaintiff is to provide the Court with 2 binders containing the *Markman* brief it in its entirety (opening brief, response, and reply) and exhibits appropriately tabbed.  If a technical advisor has been appointed the moving party is to provide their *Markman* brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor. |
| February 18, 2016 | **Response to Motion for Summary Judgment of Indefiniteness due.** Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e).  Pages shall be counted against the party's total page limit.  *See* Local Rules CV-7(a)(3).  Motions to extend page limits will only be granted in exceptional circumstances. |
| February 18, 2016 | **Comply with P.R. 4-5(b)** - Responsive claim construction brief and supporting evidence due. |
| February 11, 2016 | **Motion for Summary Judgment of Indefiniteness due.**<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Pages shall be counted against the party's total page limit.  *See* Local Rules CV-7(a)(3).  Motions to extend page limits will only be granted in exceptional circumstances. |

| | |
|---|---|
| February 4, 2016 | Defendant shall serve **Preliminary Election of Asserted of Prior Art** in compliance with Phased Limits Order. |
| February 4, 2016 | **Comply with P.R. 4-5(a)** - The party claiming patent infringement shall serve and file an opening brief and any evidence supporting its claim construction.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e).  <u>Motions to extend page limits will only be granted in exceptional circumstances</u>. |
| February 4, 2016 | Tutorials due.  Deadline for parties, if they desire, to provide Court with tutorials concerning technology involved in patent(s).  The parties shall submit two (2) copies of their tutorials to the Court.  If a technical advisor has been appointed, each party that provides a tutorial shall provide a copy to the advisor.<br><br>Good cause must be shown to submit technical tutorials after the deadline to comply with P.R. 4-5(a). |
| January 28, 2016 | Deadline to Substantially Complete Document Production and Exchange Privilege Logs<br><br>Counsel are expected to make good faith efforts to produce all required documents as soon as they are available and not wait until the substantial completion deadline. |
| February 2, 2016 | **Discovery Deadline - Claim Construction Issues.** |
| January 21, 2016 | The patent claimant shall serve **Preliminary Election of Asserted Claims** in compliance with Phased Limits Order. |
| January 15, 2016 | **Deadline to File Letter Brief for Motion for Summary Judgment of Indefiniteness.**  See the Court's website for further information. |
| January 7, 2016 | **File Response to Amended Pleadings** |
| January 6, 2016 | Proposed Technical Advisors due if one has not already been appointed.  Parties to provide name, address, phone number, and curriculum vitae for up to three agreed technical advisors and information regarding the nominees' availability for *Markman* hearing or a statement that they could not reach an agreement as to any potential technical advisor.  If the parties cannot agree on a technical advisor, they shall not submit any proposed technical advisors to the Court.  If the parties feel a technical advisor is unnecessary, they shall alert the Court at this time. |

| | |
|---|---|
| *December 28, 2015 | **Response to Motion for Leave to Call Live Witnesses** during the *Markman* Hearing due as necessary. Brief shall not exceed 5 pages.<br><br>***Reply to Combined Motion for Summary Judgment and claim construction brief due.** Brief shall not exceed 5 pages.* If an early *Markman* hearing is scheduled. |
| December 23, 2015 | ***File Amended Pleadings**<br><br>It is not necessary to seek leave of Court to amend pleadings prior to this deadline unless the amendment seeks to assert additional patents. |
| December 17, 2015 | **Comply with P.R. 4-3** - Filing of Joint Claim Construction and Prehearing Statement.<br><br>In the P.R. 4-3 filing, the parties shall list the most significant terms according to the parties' priorities, which were agreed upon during the P.R. 4-2 meet and confer, indicating which of those terms will be case or claim dispositive. A maximum of 10 terms will be construed, unless parties have received other instruction from the Court. If the parties cannot agree to the most important 10 terms, the parties shall identify the terms that were agreed upon and then divide the remainder evenly between Plaintiff(s) and Defendant(s).<br><br>The nonmoving party subject to an indefiniteness challenge must provide a preliminary identification of any expert testimony it intends to rely on in its response to the moving party's indefiniteness challenge. The nonmoving party shall also provide a brief description of that witness' proposed testimony.<br><br>As to claim construction, the Court will not permit live testimony during the *Markman* hearing absent an order granting leave to call witnesses (in person or by deposition). The Court prefers evidentiary support for a parties' claim construction position via sworn declaration. However, in accordance with P.R. 4-3(d), a party may file a **Motion for Leave to Call Live Witnesses** during the *Markman* Hearing. The Motion shall be limited to 5 pages, providing a brief description of the proposed testimony supported by a clear showing of good cause.<br><br>***Response to Combined Motion for Summary Judgment and claim construction brief due.** Brief shall not exceed 15 pages.<br><br>* If an early *Markman* hearing is scheduled. |

8

| | |
|---|---|
| *December 7, 2015 | **Joint Submission to Construe More Than 10 Terms Due.** Motions shall be limited to 10 pages.<br><br>***Combined Motion for Summary Judgment and claim construction brief due.** Brief shall not exceed 15 pages.<br><br>* If an early *Markman* hearing is scheduled. |
| *December 1, 2015 | *Proposed Technical Advisors due. Parties shall provide the name, address, phone number, and curriculum vitae for up to three agreed technical advisors and information regarding the nominees' availability for the *Markman* hearing or a statement that they could not reach an agreement as to any potential technical advisor. If the parties cannot agree on a technical advisor, they shall not submit any proposed technical advisors to the Court. If the parties feel a technical advisor is unnecessary, they shall alert the Court at this time.<br><br>* If an early *Markman* hearing is scheduled. |
| November 20, 2015 | **Comply with P.R. 4-2** - Exchange of Preliminary Claim Constructions and Extrinsic Evidence.<br><br>**If a party intends to file a letter brief requesting permission to file a motion for summary judgment of invalidity based on indefiniteness,** it must provide a preliminary identification of any expert testimony it intends to rely on in its motion. The moving party shall also provide a brief description of that witness' proposed testimony. If a party intends to file an indefiniteness challenge without the benefit of expert testimony, it must inform the nonmoving party. |
| November 13, 2015 | **First mediation to be completed.** |
| November 10, 2015 | In order to facilitate the P.R. 4-2 Exchange of Preliminary Claim Constructions and Extrinsic Evidence, as well as structure the *Markman* Hearing, the parties shall meet and confer to limit the terms in dispute, jointly identifying and prioritizing a maximum of 10 terms that are likely to be most significant in resolving the parties' dispute, including the terms where construction may be case or claim dispositive. If more than 10 terms are to be construed, the parties must collectively seek leave from the Court.<br><br>If the doctrine of equivalents is asserted, the parties shall disclose any prior art that purportedly ensnares the asserted equivalent. |
| November 5, 2015 | **Comply with P.R. 4-1** - Exchange Proposed Terms and Claim Elements for Construction. |

9

| | |
|---|---|
| October 30, 2015 | **Deadline to File Letter Brief Requesting Early *Markman* Hearing/Summary Judgment.** The Court will permit Defendant to submit, if desired, a request to construe no more than three "case dispositive" claim terms in a letter brief. The letter brief shall explain the Defendant's proposed constructions of the term(s) and why such a construction will dispose of the case. See the Court's website for further information.<br><br>The early claim construction proceeding is intended to address dispositive issues with regard to noninfringement, not indefiniteness. The Docket Control Order outlines a different procedure for motions for summary judgment of indefiniteness. Such issues will be addressed at the *Markman* hearing during the regular course of litigation. |
| October 23, 2015 | **Comply with P.R. 3-3 and 3-4** - Invalidity Contentions due. Thereafter, except as provided in Patent Rule 3-6(a), it is necessary to obtain leave of Court to add and/or amend invalidity contentions, pursuant to Patent Rule 3-6(b).<br><br>Defendant shall assert any counterclaims. After this deadline, leave of Court must be obtained to assert any counterclaims. |
| *14 days after Docket Control Order and Discovery Order are signed* | **Deadline to File Motion to Transfer Venue.** In the alternative, parties shall move for an extension of time to file a motion to transfer. |
| August 31, 2015 | **Comply with P.R. 3-1 and P.R. 3-2** - Disclosure of Asserted Claims and Infringement Contentions due. Thereafter, except as provided in Patent Rule 3-6(a), it is necessary to obtain leave of Court to add and/or amend infringement contentions, pursuant to Patent Rule 3-6(b).<br><br>Plaintiff shall add new patents and/or claims for patents-in-suit. It is not necessary to file a motion to add additional patents or claims prior to this date. Thereafter, it is necessary to obtain leave of Court to add patents or claims. |
| August 20, 2015 | **File Proposed Protective Order**<br>The Proposed Protective Order shall be filed as a separate motion with the caption indicating whether or not the proposed order is opposed in any part. |

10

| | **File Proposed Docket Control Order and Proposed Discovery Order** |
|---|---|
| August 13, 2015 | The Proposed Docket Control Order and Proposed Discovery Order shall be filed as separate motions with the caption indicating whether or not the proposed order is opposed in any part. |
| August 6, 2015 | **Join Additional Parties** |
| August 2, 2015 | **File Notice of Mediator** |
| 5 Days | **EXPECTED LENGTH OF TRIAL** |

In the event that any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.

The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the Court will assume that the party has no opposition." Local Rule CV-7(e) provides that a party opposing a motion has **17 days** in which to serve and file supporting documents and briefs after which the Court will consider the submitted motion for decision.

## OTHER LIMITATIONS

(a) All depositions to be read into evidence as part of the parties' case-in-chief shall be EDITED so as to exclude all unnecessary, repetitious, and irrelevant testimony; ONLY those portions which are relevant to the issues in controversy shall be read into evidence.

(b) The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

   (i) The fact that there are motions for summary judgment or motions to dismiss pending;
   (ii) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;
   (iii) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**So ORDERED and SIGNED this 28th day of January, 2016.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

11