IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CHRIMAR SYSTEMS, INC., *ET AL.*, <br><br> Plaintiffs, <br><br> v. <br><br> ALCATEL-LUCENT USA INC., *ET AL.*, <br><br> Defendants. | 6:15-CV-00163-JDL <br><br> LEAD CASE <br><br><br><br> 6:15-cv-00164-JDL <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS' SUR-REPLY CLAIM CONSTRUCTION BRIEF**

Defendants submit this sur-reply to address Chrimar's false insinuations regarding Judge Davis' claim construction analysis in *Typhoon*.* Chrimar's Reply Brief on Claim Construction characterizes Judge Davis' *Typhoon* claim construction rulings as "red-flagged" and modified on appeal. (Dkt. 108 at 1.) This is incorrect. The Federal Circuit reversed only the indefiniteness portion of his opinion relating to whether there was a sufficient corresponding algorithm in the specification for a means-plus-function claim limitation. *Typhoon Touch Techs., Inc. v. Dell, Inc.*, 659 F.3d 1376, 1383-86 (Fed. Cir. 2011). The district court's claim construction and non-infringement rulings were affirmed. *Id.* at 1380-1383.

For "memory for storing," the district court held that the memory must actually perform the recited function of storing the requisite data. *Id.* at 1380, 1381. Like Chrimar, the patentee in *Typhoon* "emphasize[d] that the claims are not method claims, and that it is irrelevant if the function is actually performed by the device, if the device can be programmed

---

* *Typhoon Touch Techs., Inc. v. Dell, Inc.*, No. 5:07-cv-546, 2009 WL 2243126 (E.D. Tex. July 23, 2009) (holding that "an operational apparatus ... must perform the recited functions").

or configured to perform the function, citing *Microprocessor Enhancement Corp. v. Texas Instruments, Inc.,* 520 F.3d 1367 (Fed.Cir.2008)." *Id.* at 1380. The Federal Circuit rejected this argument, holding, "[n]o error of law or fact has been shown in the district court's construction of the 'memory for storing' term as requiring that the memory function is present in the device in that the device is structured to store at least one data collection application." *Id.* at 1381.

For "processor for executing," the district court held, "the recited function must be performed (namely, executing the application and the libraries to facilitate data collection operations)." *Id.* The Federal Circuit noted that patentee's construction was "inconsistent with the patent prosecution record where, in response to the examiner's rejection on prior art, the applicant narrowed the claims to executing data collection applications that work with functional libraries." *Id.* The Federal Circuit "confirmed" the district court's construction. *Id.*

For "operating in conjunction," the Federal Circuit again rejected the patentee's criticism of the district court imposing a "use" requirement. *Id.* at 1381-82. Although the Federal Circuit addressed Typhoon's "can be configured" argument, the district court's "operational apparatus" construction was affirmed without remand or instructions to reconsider any aspect of the ruling. *Id.* at 1382.

Chrimar's suggestion that the district court's rulings were somehow changed is incorrect. In addressing a stipulated non-infringement determination predicated on its holdings, the Federal Circuit reaffirmed that it "sustained the construction of these terms." *Id.* at 1383.

Chrimar's citation to *GPNE Corp. v. Apple, Inc.,* No. 12-cv-2883, 2013 WL 4446819, at *24 (N.D. Cal. Aug. 13, 2013) is also misguided. (Dkt. 108 at 2.) The court in *GPNE*, acknowledged that the Federal Circuit made "statements suggesting an actual performance requirement." 2013 WL 4446819, at *23. *Typhoon* was considered to be distinguishable because

it relied on the analysis of intrinsic evidence, not merely looking at the grammar of selected words in the claim. *Id.* at *24. Defendants have never argued that the grammatical wording of the claims constitutes the entire analysis. Rather, Defendants focus on the prosecution history because the applicants unequivocally conveyed to the public that the functions at issue must be performed through their remarks and amendments to overcome prior art cited by the examiner. (Dkt. 100, 9-10, 12-13.)

Date: March 7, 2016

Respectfully submitted,

/s/ *David H. Bluestone*
Brent A. Hawkins
David H. Bluestone
**McDERMOTT WILL & EMERY LLP**
227 West Monroe Street
Chicago, IL 60606-5096
Telephone:  (312) 372-2000
Facsimile:  (312) 984-7700
Email:  bhawkins@mwe.com
Email:  dbluestone@mwe.com

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com

**POTTER MINTON, P.C.**
110 North College, Suite 500
Tyler, Texas 75702
Telephone:  (903) 597-8311
Facsimile:  (903) 593-0846

*Attorneys for Defendant AMX*

Date: March 7, 2016                                   Respectfully submitted,

                                                      */s/ Danny L. Williams*
                                                      Danny L. Williams—LEAD ATTORNEY
                                                      State Bar No. 21518050
                                                      Email: danny@wmalaw.com
                                                      Chris N. Cravey
                                                      State Bar No. 24034398
                                                      Email: cravey@wmalaw.com
                                                      Matthew R. Rodgers
                                                      State Bar No. 24041802
                                                      Email: mrodgers@wmalaw.com
                                                      David K. Wooten
                                                      State Bar No. 24033477
                                                      Email: dwooten@wmalaw.com
                                                      Leisa Talbert Peschel
                                                      State Bar No. 24060414
                                                      Email: lpeschel@wmalaw.com
                                                      **WILLIAMS MORGAN, P.C.**
                                                      710 North Post Oak Road, Suite 350
                                                      Houston, Texas 77024
                                                      Telephone: (713) 934-7000
                                                      Facsimile: (713) 934-7011

                                                      *Attorneys for Defendants-Counterclaimants*
                                                      *Alcatel-Lucent USA Inc., Alcatel-Lucent*
                                                      *Holdings, Inc., & ALE USA INC.*

                                                      Michael E. Jones
                                                      State Bar No. 10929400
                                                      Email: mikejones@potterminton.com
                                                      **POTTER MINTON, P.C.**
                                                      110 North College, Suite 500
                                                      Tyler, Texas 75702
                                                      Telephone: (903) 597-8311
                                                      Facsimile: (903) 593-0846

                                                      *Attorneys for Defendants-Counterclaimants*
                                                      *Alcatel-Lucent USA Inc. & Alcatel-Lucent*
                                                      *Holdings, Inc.*

5

## CERTIFICATE OF SERVICE

I, David H. Bluestone, the undersigned, hereby certify that on March 7, 2016, I caused a copy of the foregoing document to be served by email to all counsel of record.

*/s/David H. Bluestone*
David H. Bluestone