# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

CHRIMAR SYSTEMS, INC., *et al.*,

               Plaintiffs,

v.

ALCATEL-LUCENT S.A., *et al.*,

               Defendants.

CIVIL ACTION NO. 6:15–CV–00163

**JURY TRIAL DEMANDED**

---

## PLAINTIFFS' RESPONSE TO DEFENDANTS' EMERGENCY MOTION TO COMPEL [ECF NO. 159]

Defendants have misstated the facts and misrepresented Chrimar's positions to make it appear that Chrimar is improperly withholding relevant information. It is not. Through their "emergency motion," Defendants are requesting that the Court order Chrimar to instruct its counsel to violate a Protective Order in an unrelated action involving different parties and a different patent by producing an expert report that contains confidential information covered by that Protective Order. Defendant AMX's counsel **already has this expert report**, but apparently is unwilling to violate that same Protective Order by providing it to AMX's expert, to the other Defendants' counsel, or even to Chrimar's counsel in this case. The Court should deny Defendants' motion to force Chrimar to violate the Protective Order.

## INTRODUCTION

Defendants' motion seeks to compel Plaintiffs to produce the expert report of Robert Mills from *Chrimar Systems, Inc. et al. v. Cisco Systems, Inc. and Hewlett–Packard Co.*, No. 4:13–CV–1300 (N.D. Cal.) (the "California case"). That report: (1) relates a patent that is not asserted in this case; (2) addresses a reasonable royalty applicable to entities that are not parties in this case; and (3) is not accessible to Chrimar or the undersigned counsel under the terms of a Protective Order entered by the California court.

In their motion, Defendants falsely state that "Plaintiffs' counsel indicated that they are opposed to the relief sought in this motion." Motion, at 10. Notably absent from Defendants' motion is an accurate statement of Chrimar' position, even though Chrimar's counsel clearly explained the circumstances as to why the report **cannot** be produced. This explanation — which Defendants chose not to include in their motion — is set forth in its entirety below:

| | |
|---|---|
| **From:** | Wynne, Richard L. |
| **Sent:** | Thursday, May 12, 2016 1:39 PM |
| **To:** | CMS/Alcatel-Lucent; AMX |
| **Cc:** | Chrimar |
| **Subject:** | Chrimar v. ALE/AMX -- Robert Mills Report in Cisco/HP Litigation |

Counsel,

Further to your requests and in preparation for the meet-and-confer this afternoon, I wanted to update you regarding the expert report of Robert Mills that was served in the Cisco/HP litigation.

(1)    The Mills report is subject to a Protective Order in the Cisco/HP lawsuit;
(2)    None of Chrimar's attorneys in this lawsuit is entitled to receive any materials that are covered by the Protective Order in the Cisco/HP lawsuit;
(3)    Although Cisco and HP have allegedly provided McKool Smith (Chrimar's counsel in the Cisco/HP lawsuit) a copy of the Mills report that has redacted Cisco and HP confidential information, Cisco's counsel has acknowledged that the Mills report still contains information that was designated as confidential by third parties;
(4)    Given the inclusion of third-party confidential information that is covered by the Cisco/HP Protective Order, McKool Smith is unable to provide the Mills report to us for production in this case;
(5)    For those same reasons, Chrimar does not have Mills report;
(6)    While we explored the possibility of having the report further redacted to remove third-party confidential information, McKool Smith has not agreed to do that; and
(7)    Neither we nor Chrimar can force McKool Smith to undertake any action that they believe would violate the terms of the Protective Order.

If you work out an agreement with McKool Smith on how the Mills report can be produced, we will produce it in this action when we receive it from McKool Smith.

**Richard L. Wynne, Jr. | Thompson & Knight LLP**

Exhibit 1 — May 12, 2016, Email from R. Wynne to Defendants' counsel.

Defendants' motion also fails to mention that AMX's counsel (*i.e.*, one of the movants' counsel) already has the report. In the California case, Chrimar is represented by McKool Smith, Cisco is represented by Kirkland & Ellis, and Hewlett–Packard ("HP") is represented by McDermott Will & Emery ("MWE"), which is the same firm that represents AMX in this action. Some MWE lawyers are working on both the California case for HP and this case for AMX.[1]

---

[1]  As an example, Hersh Mehta, a MWE attorney, has taken depositions in the California case, and he also took the deposition of Chrimar's president, John Austermann, on behalf of AMX in this case.

Thus, AMX's counsel already has the report that AMX seeks to compel Chrimar to produce.[2] If AMX's counsel believes that it cannot provide that report to its expert or to its co-defendants' counsel, the only reason it cannot is because doing so would violate the Protective Order in the California case, which is the **exact reason** why McKool Smith cannot produce it.

## BACKGROUND

This suit involves four Chrimar patents — Nos. 8,155,012; 8,942,107; 8,902,760; and 9,019,838.[3] Chrimar has retained Robert S. Mills and his firm, Micronomics, Inc., to provide expert opinions as to damages due to Defendants' infringement of the four patents asserted against AMX, ALE USA Inc., Alcatel-Lucent USA Inc., and Alcatel-Lucent Holdings, Inc. In accordance with the Court's schedule, Mr. Mills submitted an Early Damages Expert Report on March 31, 2016, submitted an Opening Expert report with respect to Defendant AMX, Inc. on May 2, 2016, and submitted an Opening Expert Report with respect to the other defendants (the "Alcatel Defendants") on May 5th. Chrimar has produced to Defendants all of the documents Mr. Mills considered in forming his opinions in this action.

The California case was originally filed in Delaware in 2011 and transferred to California in March 2013. That case involves a single patent, No. 7,457,250, which issued on November 25, 2008. As discussed above, Chrimar's counsel in that action is McKool Smith. None of the undersigned attorneys or law firms has appeared in that action, and none is entitled to access

---

[2] Although the full extent of the overlap of MWE lawyers working on both cases is unclear to Chrimar, during a telephone call with the undersigned on May 11, 2016, AMX's counsel, David Bluestone stated that as a member of MWE, he had the right to access the Mills report under the Protective Order in the California case.

[3] The '012 patent, the first to issue of the four patents-in-suit, was issued on April 10, 2012.

confidential information under the Protective Order in that action.[4] Neither Cisco nor HP is a

party to this action, and the '250 patent is not in issue here.

Discovery in the California case is subject to the Second Amended Stipulated Protective

Order entered by Judge Jeffrey S. White on April 18, 2014 (the "California Protective Order").

*See* Ex. H to Defendants' Motion [ECF No. 159]. Section 7.1 of that Protective Order states:

> A Receiving Party may use Protected Material that is disclosed or produced by another Party in connection with this case for prosecuting, defending, or attempting to settle this Action, or any other proceeding (e.g., adversarial post-grant review proceedings in the U.S. Patent and Trademark Office) involving the Parties and the patent-in-suit (including parent and progeny patents and applications) insofar as the Producing Party is a participant. A Receiving Party may use Protected Material that is disclosed or produced by a Non-Party *in connection with this case only* for prosecuting, defending, or attempting to settle this Action. (emphasis added).

Sections 7.2, 7.3, and 7.4 identify the persons to whom documents designated Protected Material

under the California Protective Order may be disclosed. While CONFIDENTIAL information

may be disclosed to the parties' Outside Counsel, Chrimar itself, which has no in-house counsel,

is excluded from all categories.

The undersigned counsel understands that in January 2016, Mr. Mills submitted an

expert report in the California case in which he opined on the damages due to Chrimar as a

result of the infringement of the '250 Patent by Cisco and HP (the "Mills California Report").

The undersigned further understands that the Mills California Report contains information

designated as Protected Material under the California Protective Order. *See* Ex. A to Plaintiffs'

---

[4] Defendants accuse Chrimar of playing a "shell game" by having different counsel in the California case and this action. Defendants' accusations are baseless, as Chrimar has the right to choose counsel as appropriate in different situations. Moreover, Chrimar's counsel take serious their obligations under issued Protective Orders. If Defendants believe that the California court's Protective Order doesn't apply somehow, AMX's counsel has the Mills report.

Motion, at 69:5–25; *see also* Exhibit 2 — May 9, 2016, email from S. Papazian to B. Jordan. As a result, the report has not been disclosed to Chrimar — or to Chrimar's counsel in this action — and can be used only in connection with the California case.[5] Chrimar is not entitled to see or to allow others to see the Mills California Report, and Chrimar cannot direct its counsel to violate the terms of a court order. In the meet-and-confer process preceding Defendants' motion, Chrimar's counsel repeatedly explained these facts to Defendants' counsel and proposed a solution. *See, e.g.*, Exhibit 1.

In particular, Chrimar's counsel suggested that Defendants' counsel contact McKool Smith, which actually has the Mills California Report, to reach an agreement on how it could be produced here. *See id.* Rather than doing so, Defendants filed this motion, declared it to be an "emergency" even though it clearly is not, and are seeking sanctions against Chrimar because its lawyers in another case have refused to violate a court Order.

## ARGUMENT AND AUTHORITIES

### A. Defendants' motion is not an emergency and should be denied as untimely.

As Defendants acknowledge in their motion, they requested a copy of the Mills California Report on January 27, 2016. Less than an hour and a half later, the undersigned counsel for Chrimar contacted counsel for Cisco and HP requesting Cisco and HP provide redacted versions of expert reports (including the Mills report) that could be produced in this case. Exhibit 3 — Jan. 27, 2016, email from R. Wynne to Cisco and HP Counsel. To this day, neither Cisco nor HP has provided the undersigned with the Mills report, redacted or otherwise.

---

[5] The California Protective Order allows a party's Protected Material to be used in other proceedings involving the same parties, but not in other proceedings, like this case, where the producing party is not a party. *See* California Protective Order § 7.1 (Ex. H to Defendants' Motion). It prohibits use of any third-party's Protected Material in any other proceeding. *Id.*

Defendants then waited over **two-and-a-half months** to renew their request, at which time Chrimar's counsel responded a half hour later explaining that Cisco and HP had not provided any redacted reports:

> Mr. Mills's expert report in the California litigation contains confidential material of Cisco and HP. Cisco has objected to the production of that report. Counsel for Chrimar in this action is not entitled to access that report without the consent of Cisco and HP. In turn, we cannot produce what we do not have.
>
> We have asked Cisco and HP to provide redacted copies of these reports (see [Rich Wynne's] email of January 27). We have not received any redacted copies.

Exhibit 4 — April 14, 2016, email from J. Cohen to Defendants' counsel.

Defendants then waited **another three-and-a-half weeks** — and two weeks after the close of discovery — to tell Chrimar that they continued to seek the report, despite the fact that it contained the confidential information of Cisco and HP. Specifically, on May 10, 2016, Defendants' counsel advised Chrimar's counsel that they understood that Cisco and HP had produced redacted copies of the Mills California Report to "Chrimar" on May 9th. As it turns out, that redacted report was sent to McKool Smith, Chrimar's counsel in the California case, who immediately upon receiving the redacted report requested confirmation from Cisco's counsel that the redacted report "may be shared with ChriMar." Exhibit 2, at 2 — May 9, 2016, email from B. Jordan to S. Papazian.

Cisco's counsel, Steve Papazian, in turn refused to confirm that the redacted report could be produced by acknowledging that the report "cited to third-party confidential information," which Cisco and HP did not redact in preparing the redacted report sent to McKool Smith. Exhibit 2, at 1 — May 9, 2016, email from S. Papazian to B. Jodan. McKool Smith's Robert

Auchter then informed Justin Cohen, Chrimar's counsel here, that by Cisco's own acknowledgement, the report was not cleared for production. Exhibit 2, at 1.

All told, Defendants waited until almost three weeks after the close of discovery to file this motion to compel, even though they have been aware of the existence of the Mills California Report **since January**, and AMX's counsel has been and still is in possession of that report. They have known since that time that the report is subject to the California Protective Order and that it contains material that cannot be disclosed in this action. They could have filed a motion to compel during the discover period on a non-emergency basis. But Chrimar's position would have been the same — it cannot force its counsel at McKool Smith to violate the California Protective Order.

**B.      The Mills California Report is not relevant or admissible in this case.**

Defendants erroneously assert that the Mills California Report is relevant to the issue in this case, baldly stating that "the overlap in damages issues between the two cases is undeniable and extensive." Defendants' Motion, at 3. Defendants also incorrectly contend that Chrimar has failed to produce a copy of the Mills California Report in response to the Alcatel Defendants' Interrogatory No. 1 and Defendants' Common Interrogatory No. 8. But the Mills California Report is not relevant to this case, was not sought in discovery requests in this case, and any probative value it might have is would be far outweighed by prejudice to Chrimar.

*1.      The Mills California Report is not relevant.*

As an initial matter, the Mills California Report is not relevant to the claims or defenses of any party to this litigation. In that Report, Mr. Mills provides opinions regarding the reasonable royalty that should be paid by Cisco and HP for the infringement of the '250 Patent. *See* Defendants' Motion, at Ex. A, at 68:22–69:1 (Apr. 19, 2016 Hearing Tr.). Any analysis of a

reasonable royalty rate due to Chrimar for Cisco's and HP's infringement of the '250 Patent will necessarily be based on factors that are different from those applicable to Defendants here. For example, the '250 patent in the California case issued on November 25, 2008, while the first of the patents-in-suit to issue, the '012 Patent, issued on April 10, 2012, three-and-a-half years later. As a result, the hypothetical negotiation date for Cisco and HP is not the same as that for the Defendants in this case. *See Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (date of hypothetical negotiation is date infringement begins).

Further, the licensees in the Mills California Report (Cisco and HP) are different from the licensees (AMX and the Alcatel Defendants) in this case. Accordingly, analysis of *Georgia-Pacific* factors, including: (1) the market share and bargaining power of the licensee; (2) the profitability or commercial success of products made by the licensee; (3) the effect of selling patented products in promoting sales of the licensee's other products; and (4) the extent to which the licensee has made use of the patented invention, must necessarily be different. *See id.*

Here, Defendants are seeking to compel Chrimar to produce a report regarding an expert's opinion as to the reasonable royalty that may be recovered by Chrimar due the infringement of a **different patent by different parties**. Moreover, the Mills California Report contains confidential information of those parties — Cisco and HP — that has been redacted out. And according to Cisco's counsel, third-party confidential material remains in the redacted report. Exhibit 2, at 1.

To avoid improper disclosure of that confidential third-party information, additional redactions will also need to be made and the report approved for disclosure by those parties, which will not be a quick or cost-free exercise. The end result is likely to be a bare-bones, heavily redacted report with little left other than Mr. Mills's conclusions. A conclusion with no basis

would be of no benefit to the Defendants or to the jury. In fact, it would be extremely confusing to the jury to hear the conclusions because Mr. Mills would not be able to explain the rationale, as his opinions necessarily rest on confidential information of Cisco, HP, and third-parties.

### 2. Defendants did not request the Mills California Report in discovery

Defendants falsely contend that Chrimar has failed to produce a copy of the Mills California Report in response to the Alcatel Defendants' Interrogatory No. 1 and Defendants' Common Interrogatory No. 8. The Alcatel Defendants' Interrogatory No. 1, however, seeks:

> (iii) all facts, contentions, circumstances, Documents, and Things that *You [Chrimar] allege* support any royalty rate(s) that *You [Chrimar] contend* constitute a "reasonable royalty," as that term is used in Plaintiffs' Damages Disclosure;

> (iv) all facts, contentions, circumstances, Documents, and Things that *You [Chrimar] contend* supports a "royalty base," as that term is used in Plaintiffs' Damages Disclosure."

Exhibit 5, at 5 (emphasis added). As detailed above, Chrimar does not contend that the Mills California Report supports a reasonable royalty or royalty base in this case. Chrimar is not relying on the Mills California Report. Rather, Chrimar contends that the report is not relevant. And Chrimar has produced all documents, facts, and information that it has in its possession, custody, or control that are potentially relevant to the damages issues in this case.

Similarly, Defendants' Common Interrogatory No. 8 seeks information about licenses or agreements that *Chrimar contends* is relevant to the damages analysis in this case. To the extent that Chrimar contends that any licenses or other agreements are relevant here — whether Chrimar is a party or not — those agreements have been produced and have been discussed in detail in the expert reports submitted by Mr. Mills in this case. Chrimar has fully complied with its discovery obligations with respect to Defendants' interrogatories.

### 3. Admission or discussion of the Mills California Report would be unfairly prejudicial, misleading, confusing

Even if the Mills California Report were relevant, Chrimar would object to any reliance on it by Defendants' expert and would move to exclude it from evidence because any probative value would be substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury. *See* Fed. R. Evid. 403. As discussed above, the Mills California Report contains confidential information Cisco, HP, and other third-parties that must be redacted before disclosure. The report will be left with little other than Mr. Mills's conclusions, and Mr. Mills will be unable to explain or defend those conclusions if doing so would reveal the redacted information. Accordingly, reliance on and admission of the Mills California Report would unduly prejudice Chrimar, as its hands would be tied in any attempt to explain or distinguish Mr. Mills's opinions relating to a different patent action against different defendants, and the jury would be given opinions with no basis, which would be unequivocally misleading and confusing.

### C. The report is subject to a Protective Order, and the Court should not compel its production.

Although Defendants acknowledge that the Mills California Report contains information that was disclosed subject to a Protective Order entered in the California Action, they fail to explain that section 7.1 of the Protective Order mandates that the information be used solely in connection with the California Action (or other related actions involving the same patents and parties). The Court should not order Chrimar to violate the plain terms of the California Protective Order. Courts have refused to compel production of information produced in and subject to a protective order entered in a different case from a different jurisdiction. *See Dushkin Publishing Group, Inc. v. Kinko's Service Corp.*, 136 F.R.D. 334, 335 (D.D.C. 1991) (refusing to compel discovery of documents covered by a protective order issued in another case). Moreover,

courts have prevented parties from using information that was subject to limitations under a protective order. *See Dev Industries, Inc., v. Rockwell Graphic Systems, Inc.*, No. 91 C 7197, 1992 WL 100908, at *2 (N.D. Ill. May 4, 1992) (striking allegations in a complaint that were based on information discovered in another case where protective order in that case limited use of the information solely the case in which the order was entered). If Defendants believed they were entitled to the report and that it was relevant, they should have worked with the various parties involved at some point over the past three months. For example, they could have worked with Cisco's and HP's counsel to obtain permissions from the third parties involved. They also could have sought relief from the Northern District of California, the court that issued the Protective Order. *See id.* Instead, Defendants chose to do nothing for months and are now requesting this Court to order Chrimar to instruct its counsel to produce the report knowing that the report contains information covered by the California Protective Order.

**D.    The Court should not impose sanctions against Chrimar.**

If the Court were to grant Defendants' motion to compel, which it should not, the Court should not impose sanctions against Chrimar. Rule 37(a)(5)(A) requires the Court to deny Defendants' request for fees if Chrimar's failure to provide the Mills California Report "was substantially justified." Without question the non-disclosure was justified, as disclosure would violate a court order. As the undersigned counsel explained to Defendants' counsel before Defendants filed their motion, "Neither we nor Chrimar can force McKool Smith to undertake any action that they believe would violate the terms of the Protective Order." Exhibit 1.

CONCLUSION

For the reasons stated, Plaintiffs Chrimar Systems, Inc. and Chrimar Holding Company respectfully request that the Court deny Defendants' Emergency Motion to Compel Production of Chrimar's California Damages Expert Report, Expedited Briefing, and Attorneys' Fees.

Respectfully submitted,

*/s/ Richard L. Wynne, Jr.*
Richard W. Hoffmann
  hoffmann@reising.com

**REISING ETHINGTON PC**
755 West Big Beaver Road, Suite 1850
Troy, Michigan 48084
248.689.3500
248.689.4071 (facsimile)

Justin S. Cohen
  Texas Bar No. 24078356
  justin.cohen@tklaw.com
Richard L. Wynne, Jr.
  Texas Bar No. 24003214
  richard.wynne@tklaw.com

**THOMPSON & KNIGHT LLP**
1722 Routh Street, Suite 1500
Dallas, Texas 75201
214.969.1700
214.969.1751 (facsimile)

ATTORNEYS FOR PLAINTIFFS

CERTIFICATE OF SERVICE

I hereby certify the foregoing document was filed electronically on May 20, 2016, and therefore was served that same day via the Court's ECF system.

*/s/ Richard L. Wynne, Jr.*
Richard L. Wynne, Jr.