**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| CHRIMAR SYSTEMS, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ALCATEL-LUCENT S.A., *et al.*,<br><br>Defendants. | 6:15–CV–163–JDL<br>LEAD CASE<br><br>PATENT CASE<br><br>**JURY TRIAL DEMANDED** |
| v. AMX, LLC | 6:15–CV–164–JDL (Consolidated) |

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' EMERGENCY MOTION TO COMPEL**

Chrimar's response makes it clear that it has no intention of producing the California report absent this Court ruling in favor of Defendants' Motion to Compel. Chrimar continues to raise new arguments as to why the report should not be produced – now arguing for the first time in its response that the report is not relevant and inadmissible. Chrimar's new arguments are truly unbelievable in light of the undisputed overlapping subject matter of the California and Texas cases. Moreover, these newly raised issues demonstrate Chrimar's effort to serially raise unsustainable barriers to the production of the California report at all costs. Furthermore, Chrimar did not even raise relevance as an issue in the parties' meet and confer on this motion.

Chrimar had previously tried to cast its failure to produce the California report as simply a procedural restriction placed on it by the California protective order. As discussed below, this is a complete fabrication. The California protective order provides a specific mechanism for producing confidential information in other litigations, including under order from another court. Ex. H to Motion – California Protective Order, Para. 8. The Discovery Order in the Texas Case was entered August 17, 2015 (Dkt. No. 40), which requires that Chrimar produce all relevant documents. Accordingly, since that date, Chrimar has been subject to an order requiring that it produce Mr. Mills' California report and the materials he relied on. Instead, Chrimar has chosen to hide behind cherry-picked provisions of the California protective order to unjustifiably withhold the report and should be sanctioned.

Chrimar also mischaracterizes Defendants' timing for bringing this Motion. Defendants were misled by Chrimar into believing that the Cisco and HP confidential information was the *only* reason the California report could not be produced. Yet, after Cisco and HP provided a redacted copy of the report, Chrimar refused to produce it

based on the alleged inclusion of third party confidential information. Defendants moved to compel within days of Chrimar claiming, for the first time, that the report contained this third party confidential information. As explained in the Motion, the relief Defendants seek is an emergency because expert discovery closes shortly, and Defendants seek to avoid having to take Mr. Mills' deposition twice in the event the Court orders production of the California report.[1]

**A. The California Protective Order Permits Production in Other Litigation**

Chrimar's argument that production of its California damages report requires violation of that protective order is a Chrimar created fabrication. The California protective order specifically allows for production of Protected Material (information designated as confidential) via the mechanism set forth in Para. 8, entitled "Protected Material Subpoenaed *or Ordered Produced in Other Litigation*" (emphasis added). Ex. H to Motion - California Protective Order. Under that section, Protected Material may be produced outside the California case if a party is served with a subpoena or pursuant to "a court order issued in other litigation that compels disclosures of any Protected Material in this Action." *Id*. at Para. 8.1. In such a situation, the California protective order requires that written notice be provided within 5 business days to the party whose confidential information would be disclosed in order to give that party an opportunity to be heard on the issue. *Id*. at Para. 8.1 (a).

Pursuant to the Discovery Order in this case, Chrimar is under Order from this Court to produce its California report. As a result, to the extent any confidentiality restrictions existed, Chrimar should have timely followed the procedures set forth in

[1] Due to page limitations, Defendants are not addressing every argument raised in Chrimar's response and instead are focusing on the more significant issues.

Para. 8 of the California protective order and notified the relevant parties whose confidential information was at issue. Chrimar did exactly that with respect to HP and Cisco when Chrimar asked HP and Cisco if they objected to production of the California report to Defendants. Ex. C to Motion, Email from R. Wynne, January 27, 2016. Inexplicably, Chrimar refuses to do the same with respect to the alleged third parties having confidential information in the California report. Moreover, Chrimar has not provided any indication as to the extent of third party confidential information that is unique to the California report. Stated differently, there is no reason to withhold the California report based on third party confidential information in the California damages report that has been produced in the current case.[2] Defendants in fact expect that the third party confidential information largely overlaps. If there is third party confidential information unique to the California report, Chrimar should have notified these third parties pursuant to the California protective order shortly after Defendants requested the report in January 2016 and, barring objection, produced the report.

Chrimar's argument that Defendants never served a specific discovery request seeking the California report is a weak attempt at misdirection. The Discovery Order required its production. Furthermore, Defendants repeatedly requested it starting the day after the report was served. Ex. B to Motion - Email from B. Hawkins, January 27, 2016. As set forth in the Motion, the report also was specifically requested in Interrogatories Nos. 1 and 8. Motion at pp. 6-7.

Chrimar's rhetoric about counsel for AMX having possession of the California report via their representation of HP is also a misdirection – the report belongs to

[2] Chrimar has not provided Defendants any explanation as to the identity of the alleged third party(s) or why such information is not relevant in this litigation.

Chrimar and Chrimar is the party under an obligation in this litigation to produce it. Regardless of AMX's position, Defendants ALE and ALU do not have possession of the report or any path to procure it except through Chrimar. Chrimar's argument that its outside counsel has possession of the California report and that Chrimar does not is likewise false. The report was created for and belongs to Chrimar, and Chrimar should not be permitted to hide behind its lawyers to withhold production of relevant material.

**B. The California Report is Highly Relevant to Damages Issues in the Texas Case**

Chrimar for the first time claims that the California report is not relevant and inadmissible under Fed. R. Evid. 403 as unfairly prejudicial, confusing, and misleading. As an initial matter, the current issue is discoverability, not admissibility, and therefore the 403 arguments are inapplicable to the present issue. Chrimar should produce the California report and later dispute admissibility at the appropriate time (*i.e.*, pretrial and trial).

As for the relevance of the California report, Chrimar's new position is untenable in light of the overlapping subject matter between the patent-in-suit in California (the '250 Patent) and the patents-in-suit in this case, as well as the similarity in Chrimar's allegations in the California and Texas cases. The '250 Patent is the parent to the patents-in-suit, and the overlap in subject matter between these patents is extensive – in fact they share common figures and specification. *See* Ex. A – '250 Patent and Ex. B – USPN 8,155,012 (patent-in-suit). In asserting the '250 Patent, Chrimar has accused the same technology that it has accused in this litigation with respect to the patents-in-suit, specifically the detection and classification aspects of PoE. Ex. A to Motion – Damages Hearing, 68:15-21. Furthermore, Chrimar's infringement theory in the California case is

identical to its infringement theory in this case. In California, Chrimar is asserting that the defendants' products infringe because they are compliant with the IEEE 802.3af and/or 802.3at standards. Ex. C – California Complaint, Para. 16. Chrimar asserted the same theory in the ITC case it brought against, *inter alia*, Cisco and HP. Ex. D – ITC Amended Complaint, Para. 62-63 and 71-72. Chrimar is asserting infringement in the current case on the exact same basis. *e.g.*, Ex. E – Infringement Contentions against Alcatel, p. 2. In other words, in both the Texas and California cases, Chrimar is accusing the detection and classification aspects of PoE and asserting an infringement theory based on the accused products complying with the PoE standards. The overlap, relevance, and importance of Mr. Mills' California report to this case is beyond legitimate debate, and Defendants will be prejudiced if they are not allowed to question Mr. Mills on potentially inconsistent opinions offered in the California litigation.

### C. Defendants' Motion is Timely, and Chrimar Should not be Rewarded for its Gamesmanship

Chrimar's contention that Defendants' Motion is untimely is beyond the pale. Defendants first requested Mr. Mills' California report in January 2016, the day after the report was served. Ex. B to Motion - Email from B. Hawkins, January 27, 2016. Cisco and HP created a redacted version of the Chrimar California report that satisfied their confidentiality concerns, which was alleged by Chrimar to be the only impediment to its production. After Cisco and HP provided the redacted version, Chrimar raised a new hurdle on May 11, 2016 – alleged third party confidential information that Chrimar has not identified nor produced in this litigation. Ex. G - Email from R. Wynne, May 11, 2016. Once it became apparent that Chrimar never intended to produce the California report, Defendants quickly moved to file the present Motion to Compel on May 13, 2016.

Respectfully submitted,

*/s/Danny Williams*
Danny L. Williams—LEAD ATTORNEY
State Bar No. 21518050
Email: danny@wmalaw.com
Chris N. Cravey
State Bar No. 24034398
Email: cravey@wmalaw.com
Leisa Talbert Peschel
State Bar No. 24060414
Email: lpeschel@wmalaw.com
David K. Wooten
State Bar No. 24033477
Email: dwooten@wmalaw.com
Kyung T. (Drew) Kim
State Bar No. 24007482
Email: dkim@wmalaw.com
**WILLIAMS MORGAN, P.C.**
710 N. Post Oak Road, Suite 350
Houston, Texas 77024
Telephone: (713) 934-7000
Facsimile: (713) 934-7011

*Attorneys for Defendants–Counterclaimants Alcatel-Lucent USA Inc., Alcatel-Lucent Holdings, Inc. and ALE USA Inc.*

Michael E. Jones
State Bar No. 10929400
Email: mikejones@potterminton.com
**POTTER MINTON, P.C.**
110 North College, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

*Attorneys for Defendants–Counterclaimants Alcatel-Lucent USA Inc. and Alcatel-Lucent Holdings, Inc.*

/s/ *Brent Hawkins*
Brent A. Hawkins
David H. Bluestone
**McDERMOTT WILL & EMERY LLP**
227 West Monroe Street
Chicago, IL 60606–5096
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
Email: bhawkins@mwe.com
Email: dbluestone@mwe.com

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
**POTTER MINTON, P.C.**
110 North College, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

*Attorneys for Defendant AMX, LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed via the Court's ECF System on May 24, 2016, and therefore deemed service on all counsel of record as of that date.

*/s/Donna E. Ward*
Litigation Paralegal