IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CHRIMAR SYSTEMS, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ALCATEL–LUCENT S.A., *et al.*,<br><br>Defendants. | 6:15–CV–163–JDL<br>Lead Case<br><br>Patent Case<br><br>**Jury Trial Demanded** |
| v. AMX, LLC | 6:15–CV–164–JDL (Consolidated) |

## PLAINTIFFS' UNOPPOSED MOTION TO REPLACE DECEASED IEEE EXPERT

On July 7, 2016, Chrimar's retained expert on IEEE policies and procedures, Richard J. Holleman, was killed in an accident at his home in Plymouth, Massachusetts. Chrimar's counsel was informed of the tragic event by Mr. Holleman's widow on July 11th. That same day, counsel began searching for an appropriate substitute witness having similar expertise to Mr. Holleman and contacted Defendants' counsel to inform them of Mr. Holleman's passing.

Through its search, Chrimar identified Clyde R. Camp as a potential expert and provided his CV and signed undertaking under the Protective Order to Defendants' counsel. As shown on Mr. Camp's CV, attached as Exhibit 1, Mr. Camp, like Mr. Holleman, is a former Chair of the IEEE Patent Committee and former member of the IEEE Standards Board. *See* Ex. 1, at 5–7.

Through a series of discussions, the parties have reached agreement on allowing Chrimar to substitute Mr. Camp as its expert with respect to IEEE policies and procedures. The parties' agreement is:

- Mr. Camp will formally adopt Mr. Holleman's rebuttal report and agree to testify consistently with Mr. Holleman's deposition testimony (with the exception that Mr. Camp's specific background and experience will differ from Mr. Holleman's).

- Mr. Camp will not be deposed before trial.

- Mr. Camp will be bound by Holleman's expert report and deposition testimony, i.e., Mr. Camp will be subject to cross-examination on the Holleman report and deposition testimony as if they were his own (with the exception of Mr. Camp's specific background and experience).

- Chrimar will not make any reference to Mr. Camp's personal dealings with John Austermann (or anyone else connected to Chrimar) at trial. Mr. Camp can testify to his position, experience, and background at the IEEE but not testify as to any specific conversations or correspondence he may have had with Mr. Austermann (or anyone else connected to Chrimar), or facts arising therefrom that were not previously disclosed by Mr. Holleman in his report or deposition.

Mr. Camp has reviewed Mr. Holleman's expert report and deposition testimony and is agreeable to these restrictions provided that Defendants do not attempt to impeach him on the basis that he did not prepare Mr. Holleman's report.

For the reasons stated and consistent with the Parties' agreement, Chrimar respectfully requests that the Court grant this unopposed motion and permit Chrimar to substitute Clyde R. Camp as its expert witness with respect to IEEE policies and procedures.

Respectfully submitted,


  /s/ Richard L. Wynne, Jr.
Richard W. Hoffmann
   hoffmann@reising.com

**REISING ETHINGTON PC**
755 West Big Beaver Road, Suite 1850
Troy, Michigan 48084
248.689.3500
248.689.4071 (facsimile)

Justin S. Cohen
   Texas Bar No. 24078356
   justin.cohen@tklaw.com
Richard L. Wynne, Jr.
   Texas Bar No. 24003214
   richard.wynne@tklaw.com

**THOMPSON & KNIGHT LLP**
1722 Routh Street, Suite 1500
Dallas, Texas 75201
214.969.1700
214.969.1751 (facsimile)

ATTORNEYS FOR PLAINTIFFS


## CERTIFICATE OF CONFERENCE

The undersigned certifies that through a series of communications, counsel for Plaintiffs and Defendants discussed the contend of this motion. As discussed herein, the Parties reached agreement, and thus, this motion is submitted as unopposed.

  /s/ Richard L. Wynne, Jr.
Richard L. Wynne, Jr.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically on August 6, 2016, in compliance with Local Rule CV–5(a), and has been served on counsel for Defendants via the Court's ECF system.

/s/ Richard L. Wynne, Jr.
Richard L. Wynne, Jr.