UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **CHRIMAR SYSTEMS, INC., et al,** § § | |
| **v.** § § | Civil Action No. 6:15-cv-163 -JDL |
| **ALCATEL-LUCENT USA, INC., et al.** § **(LEAD CASE)** § § | |

### ORDER

Before the Court is Defendants' Motion to Compel (Doc. No. 222). Plaintiffs Chrimar Systems, Inc. and Chrimar Holding Company, LLC ("Chrimar") have filed a response (Doc. No. 251), to which Defendants have filed a reply (Doc. No. 260), and Chrimar filed a sur-reply (Doc. No. 266). Upon consideration, Defendants' Motion (Doc. No. 222) is **GRANTED-IN-PART** as set forth herein.

The parties dispute the scope and meaning of the Court's prior order granting-in-part Defendants' prior motion to compel (Doc. No. 199). Accordingly, the Court issues this Order for clarification. On June 22, 2016, the Court ordered Plaintiffs to produce "any and all documents or communications that relate to the reduction to practice of the claimed subject matter for the patents-in-suit prior to the critical date of Lehr for the time frame between Chrimar's asserted reduction to practice date in 1997 and the date of the waiver." (Doc. No. 199, at 7.) Chrimar has asserted that the Court's prior order pertains only to documents related to the "constructive" reduction to practice, which Chrimar contends is only the filing of an application with the Patent and Trademark Office. (Doc. No. 251, at 2.) Defendants contend that the scope of the order applies to drafts of the applications. (Doc. No. 222, at 1.) Defendants further identify 24 documents from Chrimar's privilege log that they contend may be subject to the Court's prior

order and should therefore be produced. *Id.* at 8–9. Because of this impasse, the Court finds it must clarify its prior order.

While the Court stated in its prior order that Chrimar shall produce "any and all documents or communications that relate *to the reduction to practice* of the claimed subject matter for the patents-in-suit…," the tone and tenor of the order made it clear that that the order is not limited to the constructive reduction to practice, as the very document for which privilege was waived was a draft application. Therefore, to the extent Chrimar is withholding draft applications or other documents on the basis that the Court's prior order did not apply to drafts but only actual filings, such a position is incorrect, and those draft documents that fall within the time frame set forth in the Court's prior order shall be produced by Chrimar. Further, as the Court reasoned in its prior order, by the inventors' declaration, "the draft non-provisional application was submitted as 'evidence of [Chrimar's] conception and reduction to practice' of the claimed subject matter prior to January 12, 1999, the critical date of Lehr." (Doc. No. 199, at 4, citing Doc. No. 146-2, at ¶ 4).) As such, the Court clarifies that the language of its prior order was not limited to the constructive reduction to practice, but applicable to any and all documents or communications that relate to the conception and reduction to practice of the claimed subject matter for the patents-in-suit prior to the critical date of Lehr for the time frame between Chrimar's asserted reduction to practice date in 1997 and the date of the waiver.

Therefore, for the reasons set forth herein, the Court clarifies its prior order (Doc. No. 199), and Defendants' Motion (Doc. No. 222) is **GRANTED-IN-PART**. Within **7 days** of the issuance of this Order, Chrimar shall produce any and all documents or communications that relate to the conception and reduction to practice of the claimed subject matter for the patents-in-

2

suit prior to the critical date of Lehr for the time frame between Chrimar's asserted reduction to practice date in 1997 and the date of the waiver.

**So ORDERED and SIGNED this 30th day of August, 2016.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE