**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **CHRIMAR SYSTEMS, INC.,  CHRIMAR HOLDING COMPANY, LLC,** | § § § § § § § § § § § | **CIVIL ACTION NO.  6:15-CV-00163-JDL** |
| **Plaintiffs,** | | |
| **v.** | | |
| **ALCATEL-LUCENT ENTERPRISE USA INC.,** | | |
| **Defendant.** | | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Plaintiffs' Chrimar Systems, Inc. d/b/a CMS Technologies and Chrimar Holding Company LLC ("Chrimar") Motion to Declare this Case Exceptional and For Attorney's Fees. (Doc. No. 380.) Defendant Alcatel-Lucent Enterprises USA, Inc. ("ALE") has filed a response (Doc. No. 391), to which Chrimar has filed a reply (Doc. No. 400), and ALE has filed a sur-reply (Doc. No. 409). For the reasons stated herein, the Court **DENIES** Chrimar's Motion (Doc. No. 380).

## BACKGROUND

On March 9, 2015, Plaintiffs filed the instant action against Defendant ALE. (Doc. No. 3.) In this action, Chrimar alleges infringement of U.S. Patent Nos. 8,115,012 ("the '012 Patent"), 8,902,760 ("the '760 Patent"), 8,942,107 ("the '107 Patent"), and 9,019,838 ("the '838 Patent") ("patents-in-suit")). This case proceeded through claim construction, dispositive motions and pretrial, and the trial between Chrimar and ALE commenced on October 3, 2016. Prior to trial, ALE stipulated to infringement, and the following claims, defenses, and

counterclaims were presented to the jury: damages, invalidity based on derivation and improper inventorship, fraud, and breach of contract. (Doc. No. 350.) On October 7, 2016 the trial concluded and the jury returned a verdict as follows: (1) Claims 31, 35, 43, and 60 of the '012 Patent were not invalid; Claims 1, 5, 72, and 103 of the '107 Patent were not invalid; Claims 1, 59, 69, 72, and 145 of the '760 Patent were not invalid, and Claims 1, 7, and 26 of the '838 Patent were not invalid; (2) the sum of money that would fairly and reasonably compensate Chrimar for ALE's infringement was $324,558.34; (3) ALE did not prove by a preponderance of the evidence that Chrimar committed fraud against ALE; and (4) ALE did not prove by a preponderance of the evidence that Chrimar breached a contract with the IEEE. (Doc. No. 349.) After the conclusion of the trial, on November 10, 2016, Chrimar brought the instant motion to declare this case exceptional under 35 U.S.C. § 285 and for attorney's fees. (Doc. No. 380.)

## LEGAL STANDARD

35 U.S.C. § 285 provides that a "court in exceptional cases may award reasonable attorney fees to the prevailing party." A case is exceptional when it "stands out from others with respect to the substantive strength of the party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.,* 134 S. Ct. 1749, 1756 (2014). Whether or not a case is deemed "exceptional" is a matter left to the Court's discretion and must be made on a case-by-case basis, with consideration of "the totality of the circumstances." *Id.* Some factors the Court may consider in making its determination under § 285 are "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756 n.6. To be considered exceptional, conduct need not be "independently

sanctionable." *See id.* Nor is a finding of bad faith required; "a case presenting either subjective bad faith or exceptionally meritless claims" may warrant an award of fees. *Id.* at 1757.

## DISCUSSION

Chrimar argues that this case is exceptional because "ALE engaged in vexatious and unreasonable conduct for the sole purpose of multiplying the cost of litigation." (Doc. No. 380, at 2.) Chrimar contends that ALE waited until the eve of trial to drop many of its defenses, stipulated to infringement, and presented defenses to the jury that lacked evidentiary support. *Id.* at 2–3. Specifically, Chrimar argues that ALE dropped the following defenses on the eve of trial or during trial: invalidity based on anticipation, invalidity based on obviousness, invalidity based on lack of enablement, invalidity based on lack of written description, inequitable conduct, and an antitrust counterclaim. *Id.* at 4. Chrimar also argues that the defenses of implied license and improper inventorship, as well as the counterclaims of fraud and breach of contract, that were presented at trial had no evidentiary support. *Id.* ALE contends that it narrowed its claims and defenses in accordance with the Court's orders and admonitions as well as the allocation of trial time. (Doc. No. 391, at 1–2.) ALE contends that punishing ALE by awarding attorney's fees would have the undesirable effect of encouraging longer trials and waste of judicial resources. *Id.*

As discussed above, Chrimar's contentions that this case is exceptional pertain to the number of defenses ALE presented, the length of time ALE carried those defenses, and the stipulations and dropping of defenses that occurred on the eve of, and during, trial. While the Court agrees that there were numerous defenses asserted in this case, many of which were dropped immediately before trial, the Court cannot find that the assertion of these defenses makes this case exceptional. Indeed, there were several rulings that came from this Court that permitted certain defenses to go forward and that changed the scope of the case close to trial.

3

For example, the Court denied Chrimar's motion for summary judgment as to ALE's IEEE-related defenses and counterclaims, finding that "questions of material fact remain regarding whether Chrimar had an obligation to disclose the existence of the '430 Patent Application based on Chrimar's involvement with the IEEE and treatment of the corresponding policies." (Doc. No. 255.) Similarly, on September 27, 2016, this Court resolved alleged *O2 Micro* disputes at ALE's request, and construed the terms "adapted" and "physically connect" in a manner that directly impacted ALE's non-infringement arguments via the positions its expert had been taking regarding the plain and ordinary meaning of those terms. (Doc. No. 318.)

Moreover, the Court always encourages parties to narrow disputes for trial as the case progresses. It is for this reason the Court set deadlines to focus patent claims and prior art to reduce costs in this case. (Doc. No. 41.) Given the excessive amount of claims and defenses that remained at the dispositive motion hearing date, the Court further encouraged the parties to focus on the facts and the claims that best fit what the parties believe the facts demonstrate for assertion at trial. (Doc. No. 252, August 11, 2016 Transcript "Tr.", at 52:18–53:1.) Here, ALE stipulated to facts and dropped claims and defenses based on its own assessment of the merits of those claims and defenses to narrow the issues for trial. The Court encourages this type of narrowing as cases proceed to trial and provides deference to a party's trial strategy that narrows issues to be presented to the jury. *See Lindemann Maschinenfabrik GmbH v. Am. Hoist & Derrick Co., Harris Press & Shear Div.*, 895 F.2d 1403, 1408 (Fed. Cir. 1990) (finding that Plaintiff was not entitled to fees under the exceptional case provision of 35 U.S.C. § 285 where Defendant's "reduction of the issues by its stipulation was a praiseworthy step, beneficial to the courts and the parties."). To declare this case exceptional and award fees for reaching stipulations and narrowing issues for trial would have a chilling deterrent effect on this type of

encouraged behavior going forward.   For these reasons, the Court finds this case is not an "exceptional case" that warrants the award of attorney's fees to Chrimar.

## CONCLUSION

For the reasons discussed above and pursuant to 35 U.S.C. § 285, the Court finds that this is not an exceptional case.   Accordingly, Chrimar's Motion (Doc. No. 380) is **DENIED**.

**So ORDERED and SIGNED this 23rd day of January, 2017.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE