**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **CHRIMAR SYSTEMS, INC., CHRIMAR HOLDING COMPANY, LLC,** | § § § § § § § § § § § § | **CIVIL ACTION NO. 6:15-CV-00163-JDL** |
| **Plaintiffs,** | | |
| v. | | |
| **ALCATEL-LUCENT ENTERPRISE USA INC.,** | | |
| **Defendant.** | | |

**ORDER**

On October 7, 2016, the trial in this matter concluded and the jury returned a verdict as follows: (1) Claims 31, 35, 43, and 60 of the '012 Patent were not invalid; Claims 1, 5, 72, and 103 of the '107 Patent were not invalid; Claims 1, 59, 69, 72, and 145 of the '760 Patent were not invalid, and Claims 1, 7, and 26 of the '838 Patent were not invalid; (2) the sum of money that would fairly and reasonably compensate Chrimar for ALE's infringement was $324,558.34; (3) ALE did not prove by a preponderance of the evidence that Chrimar committed fraud against ALE; and (4) ALE did not prove by a preponderance of the evidence that Chrimar breached a contract with the IEEE. (Doc. No. 349.) The Court has since ruled on several post trial matters. On January 23, 2017, the Court denied Chrimar's request for attorney's fees. (Doc. No. 412). The following day, the Court issued a Memorandum Opinion and Order finding that ALE failed to meet its burden in proving equitable estoppel, waiver, prosecution laches, and inequitable conduct. (Doc. No. 413.) On February 3, 2017, the Court denied ALE's and Chrimar's motions for judgment as a matter of law and ALE's motion for a new trial. (Doc. No. 414.)

The Court intends to enter final judgment in accordance with these rulings. Accordingly, the parties' motions for entry of judgment (Doc. Nos. 381, 384) are **DENIED**. The Court also intends to assess appropriate interest as well as appropriate ongoing royalties. Given that the briefing on these motions was partially contingent on the Court's rulings outlined above, and the parties indicated some agreement contingent upon the Court's rulings, Chrimar's Motions for Interest and Ongoing Royalties (Doc. Nos. 382, 383) are **DENIED** without prejudice. Within **7 days** of the issuance of this Order, the parties are to meet and confer on the issue of pre- and post-judgment interest as well as ongoing royalties. Within **14 days** of the issuance of this Order the parties shall jointly file a proposed final judgment in accordance with the Court's rulings. To the extent the parties still have a disagreement pertaining to interest or ongoing royalties, the parties shall submit those disputes to the Court with the proposed final judgment.

**So ORDERED and SIGNED this 3rd day of February, 2017.**

*/s/ John D. Love*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE