IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CHRIMAR SYSTEMS, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ALCATEL-LUCENT ENTERPRISE USA INC., <br><br> Defendant. | 6:15–CV–163–JDL |

### CHRIMAR'S OPPOSED MOTION TO DISMISS COUNT I OF THE FIRST AMENDED COMPLAINT - INFRINGEMENT OF THE '012 PATENT

Plaintiffs Chrimar Systems, Inc. and Chrimar Holding Company (collectively, Chrimar) move to dismiss Count I of their First Amended Complaint [ECF 45] against Defendant ALE USA Inc. (ALE) with prejudice, in accordance with Fed. R. Civ. P. § 41(a)(2). Count I accuses ALE of infringing U.S. Patent Number 8,155,012 (the '012 Patent). Dismissing Chrimar's claims regarding the '012 Patent will resolve the only remaining issue in this case.

ALE opposes this motion, even though it has no remaining counterclaims and Chrimar has provided ALE with a covenant not to sue [Ex. 1].

### BACKGROUND

Chrimar initially sued ALE's predecessor, Alcatel Lucent, in November of 2013, alleging infringement of the '012 Patent (Case No. 6:13-cv-880). On March 6, 2015, Chrimar filed a follow-on suit, adding ALE and ALE's predecessors as defendants [ECF No. 1]. In its First Amended Complaint against the Alcatel Defendants [ECF No. 45], which is Chrimar's operable pleading against ALE, Chrimar accused ALE of infringing four patents, including the '012 Patent.

After years of legal wrangling, including multiple rounds of summary-judgment motions and hearings, claim-construction briefing and hearings, *Daubert* motions, discovery disputes, and more, ALE finally admitted just before trial that it was infringing all of the asserted claims of Chrimar's four patents-in-suit. Chrimar's damages claims, as well as ALE's legal defenses and counterclaims were tried to a jury starting on October 3, 2016. The jury returned its unanimous verdict on October 7, 2016, in Chrimar's favor [ECF 349]. The Court entered Final Judgment on February 27, 2017, disposing of all claims and counterclaims between Chrimar and ALE [ECF 432].

ALE appealed three of the Court's claim constructions, the denial of ALE's motion to exclude expert testimony regarding damages, and the Court's jury instructions on ALE's state-law fraud claim. The only counterclaim ALE appealed was the judgment denying its state-law fraud claim. Notably, ALE did not appeal any of its invalidity or unenforceability counterclaims, nor did it appeal any of its non-infringement counterclaims.

The Federal Circuit affirmed the damages award and the judgment in Chrimar's favor on ALE's fraud claim. *Chrimar Holding Co., LLC v. ALE USA Inc.*, No. 2017-1848, 2018 WL 2120618, at *3 (Fed. Cir. May 8, 2018). The Federal Circuit vacated in part the Court's second claim-construction order—the part adopting a construction of "adapted" in claim 31 of the '012 Patent. The only remaining issue now is whether ALE infringes the '012 Patent under the Federal Circuit's construction for the term "adapted." The Federal Circuit further held that a potential ruling regarding infringement of the '012 Patent—whether it be a finding of infringement or noninfringement—would not affect the jury's damages award.  *See id.* at *8.

While not required, to help expedite this matter, Chrimar has provided ALE with a covenant not to sue [Ex. 1], which includes the following covenant not to sue regarding the '012 Patent:

> Chrimar, on behalf of itself and its successors in interest, irrevocably covenant that neither Chrimar, nor any of its successors in interest, will initiate or continue any judicial or administrative proceeding (e.g., before the U.S. International Trade Commission) against ALE USA, Inc. for infringement of U.S. Patent Number 8,155,012.

## ARGUMENT

The parties, the Court, a jury, and the Federal Circuit have all expended considerable time and resources over the past four and a half years on this dispute. ALE has asked the Court for multiple *Markman* proceedings, summary-judgment motions, *Daubert* motions, post-trial motions, and even a motion to amend the final judgment [ECF No. 457]. Even after trial and appeal, ALE continues to squander the Court's resources by opposing this motion and filing a motion stay the final judgment. ALE engaged in all of this legal maneuvering even though Chrimar's damages claim at trial was less than one million dollars. And even though ALE has lost a jury trial and appeal, ALE still refuses to do what dozens of other companies have done—pay a reasonable royalty for use of Chrimar's patented inventions. It is time for ALE to pay what the jury awarded Chrimar for ALE's admitted infringement of Chrimar's patented inventions, and it is time for this case to end.

Fed. R. Civ. P. 41(a)(2) states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." That rule also states that "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." ALE has no remaining counterclaims, and has no basis to oppose this motion other than to further delay paying Chrimar what it is owed. Given that Chrimar has provided a covenant not to sue, ALE's opposition to this motion is frivolous.

The Court dealt with a similar opposed motion in *Interform, Inc. v. Staples, Inc.*, et al., Case No. Case No. 2:13-CV-281-JRG, ECF No. 76. In that decision, dated October 20, 2014, the Court stated that "[a] voluntary motion to dismiss with prejudice under Rule 41(a)(2) is very rarely denied," and further noted that "[i]f the plaintiff moves for an order under Rule 41(a)(2) for voluntary dismissal, specifically requesting that the dismissal be with prejudice, it has been held that the district court must grant that request" (citing 9 Wright & Miller, Federal Practice and Procedure: Civil 3rd § 2367 at 551).

Further, courts have routinely held that an accused infringer, like ALE, cannot maintain a suit where the IP holder has provided a covenant not to sue. *See, e.g., Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1345 (Fed. Cir. 2010). "Subject matter jurisdiction in a declaratory judgment suit depends upon the existence of 'a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment,' and the plaintiff bears the burden of proving the existence of such a controversy throughout the litigation." *Id.* at 1345 (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). In this case, there is no case or controversy. Chrimar seeks to dismiss its infringement claims for the '012 Patent with prejudice and has agreed to provide a covenant not to sue.

There is no basis for ALE's opposition to this motion.

## Conclusion

Chrimar's motion to dismiss the '012 Patent with prejudice is reasonable, serves judicial efficiency, and will help end this case before it reaches its fifth anniversary in October. ALE has no legitimate reason to oppose this motion and does so only to avoid paying Chrimar what was awarded by a jury during a fair and impartial trial and affirmed by the Federal Circuit.

Accordingly, Chrimar requests that the Court dismiss Court I of Chrimar's First Amended Complaint and dismiss Chrimar's infringement claims regarding the '012 Patent. Chrimar also requests any further relief to which it may be entitled.

Respectfully submitted,

 /s/ *Justin S. Cohen*
Richard W. Hoffmann
  hoffmann@reising.com

**REISING ETHINGTON PC**
755 West Big Beaver Road, Suite 1850
Troy, Michigan 48084
248.689.3500
248.689.4071 (facsimile)

Justin S. Cohen
  Texas Bar No. 24078356
  justin.cohen@tklaw.com
Richard L. Wynne, Jr.
  Texas Bar No. 24003214
  richard.wynne@tklaw.com

**THOMPSON & KNIGHT LLP**
1722 Routh Street, Suite 1500
Dallas, Texas 75201
214.969.1700
214.969.1751 (facsimile)

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

I certify that I conferred with Chris Cravey, counsel for ALE USA Inc., regarding this motion, via telephone conference, in person, and via email correspondence. ALE is opposed to the relief requested herein.

                                                     _/s/ Justin S. Cohen_
                                                     Justin S. Cohen

## CERTIFICATE OF SERVICE

I hereby certify the foregoing document was filed on July 20, 2018, via the Court's ECF system, and thus, was served on ALE's counsel that day.

                                                     _/s/ Justin S. Cohen_
                                                     Justin S. Cohen