IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **CHRIMAR SYSTEMS, INC., CHRIMAR HOLDING COMPANY, LLC,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**ALCATEL-LUCENT ENTERPRISE USA INC.,**<br><br>**Defendant.** | §<br>§<br>§  CIVIL ACTION NO. 6:15-CV-00163-JDL<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER**

On October 3–7, 2016 the Court held a five-day jury trial in this matter involving U.S. Patent Nos. 8,115,012 ("the '012 Patent"), 8,902,760 ("the '760 Patent"), 8,942,107 ("the '107 Patent"), and 9,019,838 ("the '838 Patent") (collectively "the patents-in-suit"). Defendant Alcatel-Lucent Enterprise USA Inc. ("ALE") stipulated to infringement of the patents-in-suit. The jury found the asserted claims valid and awarded a lump sum of $324,558.34. (Doc. No. 349.) The jury also found that ALE did not prove its counterclaims by a preponderance of the evidence that Plaintiffs Chrimar Systems Inc. and Chrimar Holding Company, LLC ("Chrimar") committed fraud against ALE or that Chrimar breached a contract with the IEEE. *Id.* The Court ruled on the parties' post-trial motions and ultimately entered a final judgment in this matter in accordance with the jury's verdict. (Doc. Nos. 412, 413, 414, 423.) Of relevance, the Court awarded actual damages to Chrimar for ALE's infringement of the '012 Patent, the '107 Patent, the '760 Patent, and the '838 Patent in the amount of $324,558.34 for damages as of September 30, 2016, as well as pre-judgment and post-judgment interest. (Doc. No. 423.) The Court also

1


issued post-verdict ongoing royalties in the amount of $1.2067 per Power over the Ethernet ("PoE") port beginning on October 1, 2016 and continuing: (1) as to PoE Powered Devices ("PDs") that are not '012 Patent Excluded PDs, through March 4, 2020 (the date of the expiration of the last to expire of the '012, '107, and '760 Patents); (2) as to '012 Patent Excluded PDs, through April 8, 2019 (the date of the expiration of the last to expire of the '107 and '760 Patents); and (3) as to PoE Power Sourcing Equipment ("PSEs"), through April 8, 2019 (the date of the expiration of the last to expire of the '838 and '760 Patents). *Id.*

The Court's final judgment was subsequently appealed to the Federal Circuit. The Federal Circuit affirmed the verdict in its entirety, but rejected the claim construction of the term "adapted" as set forth in claim 31 of the '012 Patent. (Doc. No. 463.) Specifically, the Federal Circuit rejected the Court's construction of the claim term "adapted" as "designed, configured, or made" and adopted ALE's proposed construction that "adapted" means "modified." *Id.* The remainder of the Court's rulings were affirmed, including the infringement damages award, the Court's ruling on fees, and the fraud judgment. *Id.* The case was remanded for further proceedings consistent with that opinion and the corresponding mandate subsequently issued. (Doc. No. 465.)

On July 10, 2018, the Court held a status conference to discuss how to proceed with the case on the sole issue before the Court—liability as to claim 31 of the '012 Patent based upon the Federal Circuit's modified construction of the term "adapted" found therein. (Doc. No. 467.)[1] At that time, Chrimar offered to dismiss the '012 Patent and ALE raised, for the first time, an argument that it should not have to pay any damages, including ongoing royalties, because the

---

[1] Because the other three patents-in-suit support the lump sum damages award, which was affirmed, and do not contain the term "adapted," the only issue before the Court concerns liability with respect to the '012 Patent and the difference of 11 months of ongoing royalties with respect to that patent.

patents-in-suit had since been found invalid by the Patent Trial and Appeal Board ("PTAB"). The Court ordered the parties to meet and confer and submit subsequent briefing on these issues. (Doc. No. 468.)

In response, the Court first received Chrimar's motion to voluntarily dismiss Count I of the First Amended Complaint related to infringement of the '012 Patent. (Doc. No. 469.) ALE opposed this motion. (Doc. No. 473.) From the Court's perspective, Chrimar should be allowed to dismiss Count I of its live complaint related to infringement of the '012 Patent. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) ("As a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."). Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Fed.R.Civ.P. 41(a)(2). Chrimar has agreed to dismiss this claim with prejudice and provide ALE a covenant not to sue. (Doc. No. 469.) ALE claims prejudice because Chrimar has not agreed to a covenant not to sue ALE's customers and distributors and also contends that the covenant does not divest the Court of jurisdiction over ALE's counterclaims. (Doc. No. 473, at 5.)

Here, Chrimar's covenant not to sue and dismissal with prejudice relieves any potential prejudice to ALE, and ALE's customers and distributors who are not parties to this suit do not create a controversy or cause prejudice to ALE such that the Court should not grant Chrimar's voluntary dismissal. *Compare Plains Growers By & Through Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 255 (5th Cir. 1973) (finding that a third-party claim

would not bar a voluntary dismissal of plaintiff's action.). Indeed, ALE can only cite the mere speculation of future litigation against customers and distributors on a patent that it acknowledges has been found invalid by the PTAB.[2] The speculation of bringing a future suit on an invalid patent simply does not create prejudice that would outweigh the interest in granting Chrimar's voluntary dismissal of that patent with a covenant not to sue ALE.

Additionally, there are no counterclaims of ALE's that remain pending for the Court to adjudicate. Prior to trial, ALE dropped all counterclaims but for its counterclaims of fraud and breach of contract. ALE had a full trial on those counterclaims and the judgment as to those claims was affirmed by the Federal Circuit. Indeed, those counterclaims of fraud and breach of contract were not implicated by the single point of remand related to the meaning of the term "adapted" in claim 31 of the '012 Patent and ALE did not pursue a counterclaim of invalidity as to claim 31 of the '012 Patent at trial. *See* Doc. No. 350 at 6–7, 20–21 (final jury instructions identifying ALE's only counterclaims for fraud and breach of contract with no objection) and *id.* at 10–14 (identifying invalidity as a defense to patent infringement with no objection). ALE now provides a conclusory assertion that it has pending counterclaims of non-infringement and invalidity with respect to the '012 Patent. (Doc. No. 473, at 12 n. 12.) Even if the Federal Circuit's remand somehow revived these claims, which it did not, the question of infringement is of course mooted by Chrimar's willingness to dismiss the '012 Patent and provide ALE a covenant not to sue. As to any invalidity counterclaim possibly being revived, the question of invalidity was only raised as one of improper inventorship, which did not implicate the meaning of the term "adapted." ALE has not now identified any prior art or any defense that would merit

---

[2] While ALE cites to the potential of continued suits based on the Court's decision related to a license agreement with Defendant Accton, that decision was simply an interpretation of an already existing license agreement that resulted from the settlement of ongoing litigation. It does not support the potential of customers being sued in the future on a patent that has since been held invalid by the PTAB.

4

reviving a counterclaim of invalidity based on the Federal Circuit's interpretation of the term "adapted," and indeed this burden rests with ALE. *See Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1345 (Fed. Cir. 2010) ("[s]ubject matter jurisdiction in a declaratory judgment suit depends upon the existence of a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment, and the plaintiff bears the burden of proving the existence of such a controversy throughout the litigation.") (internal quotations omitted) citing *MedImmune, Inc. v. Genentech, Inc*., 549 U.S. 118, 127 (2007).

Finally, a voluntary dismissal of that claim avoids the expenditure of further Court and party resources in a matter that has already seen a five-day trial, significant post trial rulings by this Court, and an appeal resulting in a full opinion. As noted above, the narrow issue remanded to this Court was whether ALE infringes the '012 Patent based on a revised construction of a claim term. That question implicates only 11 months of the ongoing royalty, the remainder of the ongoing royalty is intact due to the Federal Circuit's affirmance of the judgment as to the other patents-in-suit.

For these reasons, Chrimar's Motion to Dismiss (Doc. No. 469) is **GRANTED** and Count I of the First Amended Complaint for infringement of the '012 Patent is **DISMISSED** with **PREJUDICE**.

Having dismissed the '012 Patent from this action with prejudice, there is nothing left for the Court to resolve. ALE has filed a motion to stay and/or sever the ongoing royalties pending appeal of the PTAB's decision on invalidity (Doc. No. 470), but given that the sole basis for this Court's jurisdiction on remand has been resolved via voluntary dismissal of the claim, there is nothing to stay. Indeed, the ongoing royalties were affirmed by the Federal Circuit with the

Circuit Court's express knowledge that the PTAB had invalidated at the patents-in-suit. *See* Doc. No. 463, at 6 n. 1 ("The claims of the '107, '838, '012, and '760 patents to which ALE stipulated infringement in this case were all determined to be unpatentable by the Patent Trial and Appeal Board in four final written decisions."). Despite ALE's awareness of the PTAB's decisions, to the Court's knowledge, ALE never raised the issue with the Federal Circuit that any ongoing royalties should be stayed. Indeed, despite the Federal Circuit's express knowledge of these decisions, the case was not remanded to this Court for a determination of whether any of the affirmed ongoing royalties should be stayed given the PTAB's decisions. As discussed above, this case was remanded for the sole purpose of adjudicating Chrimar's claim on the '012 Patent with a new construction of the term "adapted." Because the '012 Patent has been dismissed with prejudice, there is nothing left for this Court to resolve. *See Samsung Elecs. Co. v. Rambus, Inc.*, 523 F.3d 1374, 1380 (Fed. Cir. 2008) ("[a]fter [declaratory plaintiff] offered the entire amount of attorney fees in dispute, the case became moot…[t]he district court had no case or controversy to continue to consider.") *citing Chathas v. Local 134 IBEW*, 233 F.3d 508, 512 (7th Cir. 2000) ("if the defendant has thus thrown in the towel there is nothing left for the district court to do except enter judgment…"). Thus, ALE's Motion (Doc. No. 470) is **DENIED** as moot.

Within **7 days** of this Order the parties shall submit an amended final judgment to the Court consistent with this opinion and the mandate of the Federal Circuit.

**So ORDERED and SIGNED this 8th day of August, 2018.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE