IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CHRIMAR SYSTEMS, INC., CHRIMAR HOLDING COMPANY, LLC, | § § § | |
| | § | CIVIL ACTION NO.  6:15-CV-00163-JDL |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| ALCATEL-LUCENT ENTERPRISE USA INC., | § § § | |
| | § | |
| Defendant. | § | |

## AMENDED FINAL JUDGMENT

A jury trial regarding the claims of Plaintiffs Chrimar Systems, Inc. and Chrimar Holding Company (collectively, "Chrimar") against Defendant ALE USA Inc. ("ALE"), and regarding ALE's legal defenses and counterclaims, commenced on October 3, 2016. The jury returned its unanimous verdict on October 7, 2016. (Doc. No. 349). The Court ruled on the parties' post-trial motions and ultimately entered a final judgment in this matter in accordance with the jury's verdict. (Doc. No. 423). ALE and Chrimar appealed certain issues to the Federal Circuit. The Federal Circuit rejected the claim construction of the term "adapted" as set forth in claim 31 of the '012 Patent but otherwise affirmed the verdict in its entirety, including the infringement damages award, the Court's ruling on fees, and the fraud judgment. (Doc. No. 463). The only issue remanded to this Court was ALE's liability as to Claim 31 of the '012 Patent based on a revised construction of the claim term "adapted" found therein. Upon remand, Chrimar moved to dismiss the '012 Patent from this action and provided ALE with a covenant not to sue on the '012 Patent. (Doc. No. 469.) The Court subsequently granted Chrimar's Motion to Dismiss, which resolved the only remaining issue. (Doc. No.   476.) The Court also denied reconsideration of this ruling.

Based on the jury's verdict, the entirety of the record available to the Court, the Court's rulings on the parties' respective post-trial motions, and the Federal Circuit's opinion, the Court enters this Amended Final Judgment fully and finally disposing of all claims by and between Chrimar and ALE.

The Court ORDERS, ADJUDGES, DECREES, and DECLARES as follows:

- ALE stipulated that the accused PoE Products infringe the following claims, as construed by the Court, based on Chrimar's PoE Standards compliance-based theory of infringement:

    o claims 1, 5, 72, and 103 (across claims 1, 5, and 72) of U.S. Patent Number 8,942,107 ("the '107 Patent");

    o claims 1, 59, 69, 72 (across claims 1, 59, and 69), and 145 of U.S. Patent Number 8,902,760 ("the '760 Patent"); and

    o claims 1, 7, and 26 of U.S. Patent Number 9,019,838 ("the '838 Patent").

- Consistent with the jury's verdict, ALE did not meet its burden of proof with respect to invalidity and unenforceability for the following patent claims:

    o claims 1, 5, 72, and 103 (across claims 1, 5, and 72) of the '107 Patent;

    o claims 1, 59, 69, 72 (across claims 1, 59, and 69), and 145 the '760 Patent; and

    o claims 1, 7, and 26 of the '838 Patent.

- The Court awards actual damages to Chrimar for ALE's infringement of the '107 Patent, the '760 Patent, and the '838 Patent in the amount of $324,558.34 for damages as of September 30, 2016.

- Chrimar is further awarded pre-judgment interest on the actual damages found by the jury ($324.558.34), from the date of July 1, 2015 through the day before entry

of the Final Judgment (Doc. No. 423), calculated at the prime rate, compounded quarterly, in the amount of $18,918.98.

- Chrimar is awarded post-judgment interest on the actual damages, pre-judgment interest, and costs awarded herein, at the rate of 0.83%, compounded annually, as provided by 28 U.S.C. § 1961, from the date of entry of the Final Judgment (Doc. No. 423) through the date upon which Chrimar receives from ALE full payment of the amounts ordered herein.

- The following terms have the following meanings:
  - The term "PoE Standards" shall mean the IEEE 802.3af standard, and any amendment to that standard that uses the same detection or classification protocols, and shall also specifically include the IEEE 802.3at standard, and any amendment to that standard that uses the same detection or classification protocols;
  - The term "PoE PDs" shall mean Powered Devices that implement the PoE Standard(s), including PoE wireless access points, VoIP phones, and IP cameras, and any other devices that are capable of automatically receiving operational power over an Ethernet network in compliance with the PoE Standard(s);
  - The term "PoE PSEs" shall mean Power Sourcing Equipment that implement the PoE Standard(s), including PoE switches, routers, hubs, and repeaters, and any other devices that are capable of automatically providing operational power over an Ethernet network in compliance with the PoE Standards;
  - The term "PoE Products" shall mean PoE PDs and PoE PSEs; and

- Chrimar is further awarded — for so long as ALE's infringement of the '107 Patent,

the '760 Patent, and the '838 Patent continues — post-verdict ongoing royalties in the amount of $1.2067 per Power over Ethernet ("PoE") port per PoE Product[1] sold beginning on October 1, 2016, and continuing:

- o As to PDs, through April 8, 2019 (the date of the expiration of the last to expire of the '107 and '760 patents); and

- o As to PoE PSEs, through April 8, 2019 (the date of the expiration of the last to expire of the '838 and '760 patents).

- All relief not granted in this Final Judgment is DENIED.

- All pending motions not previously resolved are DENIED.

- Chrimar is the prevailing party, and as the prevailing party, Chrimar shall recover its costs from ALE in the amount of $100,020.58 (Doc. No. 442).

- This is a final judgment.

**So ORDERED and SIGNED this 24th day of August, 2018.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

---

[1] For avoidance of doubt, in no event will there be more than one royalty assessed per PoE port.