IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **CHRIMAR SYSTEMS, INC., CHRIMAR HOLDING COMPANY, LLC,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**ALCATEL-LUCENT ENTERPRISE USA INC.,**<br><br>**Defendant.** | §<br>§<br>§  **CIVIL ACTION NO. 6:15-CV-00163-JDL**<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Alcatel-Lucent Enterprises USA, Inc. ("ALE") Motion to Declare this Case Exceptional and For Attorney's Fees. (Doc. No. 494.) Plaintiffs Chrimar Systems, Inc. d/b/a CMS Technologies and Chrimar Holding Company LLC ("Chrimar") have filed a response (Doc. No. 497), to which ALE has filed a reply (Doc. No. 500), and Chrimar has filed a sur-reply (Doc. No. 503). For the reasons stated herein, the Court **DENIES** ALE's Motion (Doc. No. 494).

## BACKGROUND

On March 9, 2015, Plaintiffs filed the instant action against Defendant ALE. (Doc. No. 3.) Chrimar alleged infringement of U.S. Patent Nos. 8,115,012 ("the '012 Patent"), 8,902,760 ("the '760 Patent"), 8,942,107 ("the '107 Patent"), and 9,019,838 ("the '838 Patent") ("patents-in-suit")). This case proceeded through claim construction, dispositive motions and pretrial, and the trial between Chrimar and ALE commenced on October 3, 2016. Prior to trial, ALE stipulated to infringement, and the following claims, defenses, and counterclaims were presented

to the jury: damages, invalidity based on derivation and improper inventorship, fraud, and breach of contract. (Doc. No. 350.) On October 7, 2016 the trial concluded and the jury returned a verdict as follows: (1) Claims 31, 35, 43, and 60 of the '012 Patent were not invalid; Claims 1, 5, 72, and 103 of the '107 Patent were not invalid; Claims 1, 59, 69, 72, and 145 of the '760 Patent were not invalid, and Claims 1, 7, and 26 of the '838 Patent were not invalid; (2) the sum of money that would fairly and reasonably compensate Chrimar for ALE's infringement was $324,558.34; (3) ALE did not prove by a preponderance of the evidence that Chrimar committed fraud against ALE; and (4) ALE did not prove by a preponderance of the evidence that Chrimar breached a contract with the IEEE. (Doc. No. 349.)

After the conclusion of the trial, on November 10, 2016, Chrimar moved to declare this case exceptional under 35 U.S.C. § 285 and requested attorney's fees. (Doc. No. 380.) The court declined to declare this case exceptional and denied Chrimar's request for attorney's fees. (Doc. No. 412.) The Court then entered final judgment affirming the findings of the jury and awarding post judgment ongoing royalties. (Doc. No. 423.) Both ALE and Chrimar filed appeals. (Doc. Nos. 440, 447.)

On appeal, the Federal Circuit affirmed the verdict in its entirety, but rejected the claim construction of the term "adapted" as set forth in claim 31 of the '012 Patent. (Doc. No. 463.) Specifically, the Federal Circuit rejected the Court's construction of the claim term "adapted" as "designed, configured, or made" and adopted ALE's proposed construction that "adapted" means "modified." *Id.* The remainder of the Court's rulings were affirmed, including the infringement damages award, the Court's ruling on fees, and the fraud judgment. *Id.* The case was remanded for further proceedings consistent with that opinion and the corresponding mandate subsequently issued. (Doc. No. 465.)

On July 10, 2018, the Court held a status conference to discuss how to proceed with the case on the sole issue before the Court—liability as to claim 31 of the '012 Patent based upon the Federal Circuit's modified construction of the term "adapted" found therein. (Doc. No. 467.) At that time, Chrimar offered to dismiss the '012 Patent and ALE raised, for the first time, an argument that it should not have to pay any damages, including ongoing royalties, because the patents-in-suit had since been found invalid by the Patent Trial and Appeal Board ("PTAB").

The Court ultimately dismissed the asserted claim of infringement of the '012 Patent with prejudice and denied ALE's request to stay and/or sever the ongoing royalties. (Doc. No. 476.) In its reasoning for denying a stay, the court noted that "the ongoing royalties were affirmed by the Federal Circuit with the Circuit Court's express knowledge that the PTAB had invalidated at the patents-in-suit." (Doc. No. 476, at 5 –6, citing Doc. No. 463, at 6 n. 1 ("The claims of the '107, '838, '012, and '760 patents to which ALE stipulated infringement in this case were all determined to be unpatentable by the Patent Trial and Appeal Board in four final written decisions."). ALE filed a motion to reconsider, which the Court denied. (Doc. No. 480.) The Court then issued an amended final judgment. (Doc. No. 481.) ALE filed an appeal. (Doc. No. 485.) Without deciding the issues on the merits on appeal, the Federal Circuit determined that this case was still "pending" as a result of arguments raised by ALE and therefore applied the then-affirmed unpatentability decisions of the PTAB, vacating this Court's final judgment and remanding the case for dismissal. (Doc. No. 490.) The Court subsequently entered an amended final judgment consistent with the mandate of the Federal Circuit. (Doc. No. 493.) Thereafter, ALE brought the instant motion for attorney's fees. (Doc. No. 494.)

**LEGAL STANDARD**

35 U.S.C. § 285 provides that a "court in exceptional cases may award reasonable attorney fees to the prevailing party." A case is exceptional when it "stands out from others with respect to the substantive strength of the party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.,* 134 S. Ct. 1749, 1756 (2014). Whether or not a case is deemed "exceptional" is a matter left to the Court's discretion and must be made on a case-by-case basis, with consideration of "the totality of the circumstances." *Id.*; *see also Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1748 (2014) ("[T]he determination of whether a case is 'exceptional' under § 285 is a matter of discretion."); *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1324 (Fed. Cir. 2011) ("we are mindful that the district court has lived with the case and the lawyers for an extended period.").

Some factors the Court may consider in making its determination under § 285 are "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Octane*, 134 S. Ct at 1756 n.6. To be considered exceptional, conduct need not be "independently sanctionable." *See id*. Nor is a finding of bad faith required; "a case presenting either subjective bad faith or exceptionally meritless claims" may warrant an award of fees. *Id.* at 1757. "After determining that a case is exceptional, the district court must determine whether attorney fees are appropriate," which is within the Court's discretion. *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1460 (Fed. Cir. 1998) (citations omitted). Ultimately, a party must prove entitlement to attorney's fees by a preponderance of the evidence. *Octane Fitness*, 134 S. Ct. at 1758.

## DISCUSSION

ALE argues that this Court has the inherent authority to award fees for Chrimar's abuse of the judicial process and to declare this case exceptional. (Doc. No. 494, at 5–6.) ALE cites the following reasons for finding this case exceptional and awarding fees: (1) Chrimar failed to stipulate to non-infringement of the '012 Patent after the Federal Circuit vacated the Court's claim construction and instead moved to dismiss the '012 Patent with an insufficient covenant not to sue; (2) Chrimar refused to stay this case pending appellate review of the PTAB's final written decisions; (3) Chrimar engaged in conduct prior to the trial in this case that renders the case exceptional; and (4) Chrimar's opposition to the motion for costs lacks a legitimate basis. (Doc. No. 494.) Chrimar argues that its efforts to dismiss the '012 Patent and oppose a request to sever ongoing royalties were made in good faith to efficiently end this litigation, and that ALE's complaints of pre-trial litigation misconduct are unfounded. (Doc. No. 497.)

The Court will focus first on the post-trial conduct cited by ALE as a basis for fees given that the Court has already declined to find this case exceptional based upon pre-trial and trial conduct (Doc. No. 412), and the post-trial conduct is what ultimately rendered ALE the prevailing party on the asserted claims of infringement. As to the conduct pertaining to the asserted claim of the '012 Patent after remand, the Court does not find that conduct to render this case exceptional. As discussed above, the Federal Circuit had affirmed the finding of infringement for three of the four asserted patents and vacated the claim construction as to the '012 Patent. (Doc. No. 463.) ALE contends that the Federal Circuit's interpretation of the word "adapted" in the '012 Patent should have resulted in a stipulation of non-infringement by Chrimar. (Doc. No. 494.) Chrimar instead offered to dismiss the '012 Patent with prejudice and provide a covenant not to sue. This dispute between the parties ultimately turned on the terms of

Chrimar's covenant not to sue and whether ALE's customers and distributors would be fully protected by the covenant.[1] As the Court found, ALE's contentions were speculative at best and the '012 Patent had now been invalidated therefore rendering concerns of future litigation moot. (Doc. No. 476, at 3–4.) Ultimately, the Court agreed to allow Chrimar to dismiss the asserted claim of the '012 Patent with prejudice on its covenant not to sue. (Doc. No. 476.) Chrimar's actions appeared to the Court to be a good faith effort to resolve this litigation after years of numerous disputes, a trial, and two appeals. The Court cannot therefore find Chrimar's conduct in offering to dismiss the claim with a covenant not to sue in lieu of a stipulation to non-infringement to be per se unreasonable.

Similarly, the Court does not find Chrimar's refusal to stay this case pending review of the PTAB's final written decisions to be unreasonable. Here, Chrimar was awarded damages by the jury upon a finding of infringement prior to a decision by the PTAB invalidating the patents-in-suit. (Doc. No. 349.) Moreover, the Federal Circuit affirmed that award with the express knowledge that the PTAB had since invalidated the patents-in-suit. *See* Doc. No. 463, at 6 n. 1 ("The claims of the '107, '838, '012, and '760 patents to which ALE stipulated infringement in this case were all determined to be unpatentable by the Patent Trial and Appeal Board in four final written decisions."). The fact that the case was not stayed pending an appeal of those decisions speaks more to the unique procedural posture of this action, which has now been pending for over five years, and less to Chrimar's conduct.

Regarding the pre-trial conduct that ALE cites as a basis for fees, the Court does not find this conduct to merit fees. As an initial matter, the Court has already considered the conduct of

---

[1] To the extent Chrimar engaged in conduct, as ALE alleges, with respect to the dismissal of the appeal and ultimate agreement to ALE's terms of a covenant not to sue, that conduct was before the Federal Circuit, not the district court. The Court cannot therefore consider whether such conduct renders this case exceptional at the district court level as the appellate record is not before the Court.

both parties during pre-trial and trial and found that this case was not exceptional. (Doc. No. 412.) As to the specific pre-trial conduct now cited by ALE, ALE points specifically to Chrimar's refusal to comply with the Court's Order regarding apportionment, withholding of a damages expert's report in related litigation, and attempting to add new infringement and invalidity theories on the eve of trial. (Doc. No. 494, at 14–17.)

As to the argument on apportionment, the Court did indeed strike more than one version of Plaintiffs' damages expert's report. (Doc. Nos. 253, 301.) However, at trial, Plaintiffs' damages expert ultimately provided admissible testimony to support the jury's damages award. The Court scrutinized this testimony in upholding the jury's damages award during post-trial proceedings. (Doc. No. 414.) This award was ultimately affirmed by the Federal Circuit. (Doc. No. 463.) Certainly, if each case where a damages expert's report was stricken, even more than once, would render the case exceptional, nearly every patent dispute before this Court would be deemed to be exceptional. As such, the Court does not find this conduct to result in a finding that the case is exceptional.

As to the failure to provide a damages report from a related litigation, this dispute ultimately resulted in a motion to compel by ALE that was denied by the Court because the expert report was subject to a protective order of another court. (Doc. No. 179.) ALE contends that Chrimar ultimately delayed in producing a redacted version of this expert report until a month before trial. (Doc. No. 494, at 16.) This issue was resolved by the Court in Chrimar's favor during the course of preparation for trial. (Doc. No. 179.) To the extent an issue remained with respect to a late production of a redacted version of the report, that issue was never raised with the Court. Moreover, the relevance of this report to this case was exceedingly low. As such, the Court does not find this conduct to merit an award of fees.

As to Chrimar's alleged attempts to add new theories on the eve of trial, again this issue was not clearly presented to the Court as ongoing misconduct. As the parties are well aware, many claims and defenses are adjusted or altered as the parties narrow disputes for trial and receive rulings from the Court. Indeed, the Court previously discussed how ALE's dropping of numerous defenses on the eve of trial did not render the case exceptional. (Doc. No. 412.) The Court ultimately does not find this conduct to render the case exceptional or to merit an award of fees.

Lastly, as to Chrimar's opposition to the motion for costs, the Court does not find such opposition to render the case exceptional for the reasons discussed with respect to the issues presented in the Court's order for costs.

For these reasons, the Court finds this case is not an "exceptional case" that warrants the award of attorney's fees to ALE and the Court declines to award fees under its inherent authority.

## CONCLUSION

For the reasons discussed above and pursuant to 35 U.S.C. § 285, the Court finds that this is not an exceptional case. The Court further declines to award attorney's fees. Accordingly, ALE's Motion (Doc. No. 494) is **DENIED**.

**So ORDERED and SIGNED this 21st day of April, 2020.**

_JOHN D. LOVE_
UNITED STATES MAGISTRATE JUDGE